SEBASTIAN B. SCHLESINGER & another *vs.* NATHANIEL B. SHERMAN & another.

Suffolk.    March 25. — July 25, 1879.    AMES & LORD, JJ., absent.

The interest of a debtor in rents of real estate, due and to become due under a lease of the same, cannot be reached by a creditor by bill in equity under the Gen. Sts. c. 113, § 2, cl. 11.

BILL IN EQUITY, filed July 8, 1878, under the Gen. Sts. *c.* 113, § 2, *cl.* 11, by the assignees in bankruptcy of George T. Richardson and Francis H. Scudder, against Nathaniel B. Sherman and the Oliver Ames & Sons' Corporation, to reach and have applied to the payment of a debt of Sherman his interest in the rent then due and to become due under a lease of certain real estate.

The bill, after setting forth debts due and payable from Sherman to the plaintiffs to the amount of $2000 and upwards, alleged that Sherman is the owner of certain lands, buildings, machinery and other property in Middleborough which have been leased to and are now held by the Oliver Ames & Sons' Corporation, by a written lease, for the term of five years from July 5, 1877, at the rate of $3600 a year payable in equal monthly payments of $300 each; that the interest of Sherman in this rent cannot be come at to be attached or taken on execution in a suit at law against him; that the amount of rent due, if any, at the time of filing this bill, or which shall have accrued at the first accounting after the service of this bill, will not be sufficient to pay the debt of Sherman to the plaintiffs; that the above property is substantially all the property owned by Sherman; that he is largely indebted to other persons; that the demised premises are subject to a mortgage nearly, if not fully, to the amount of their market value; that the value of the equity of redemption of said premises is not sufficient to satisfy the debt of the plaintiffs, if taken and sold upon a levy of execution; and that, by the terms of the mortgage, Sherman and his assigns are entitled to possession of the mortgaged premises, and to receive the rents and profits thereof until default in the performance of the condition therein, and no default has yet occurred.

The prayer of the bill was, that Sherman might be enjoined from assigning said lease; that the lessees might be enjoined from paying the rent to any person other than the plaintiffs, and ordered to account with and pay to the plaintiffs the rent due and to become due, under the lease, in liquidation of the debt of Sherman to the plaintiffs; and for further relief.

The defendant Sherman demurred to the bill, assigning the following grounds of demurrer: 1. The plaintiffs have a full, adequate and complete remedy at law. 2. Want of equity.

The case was heard before *Endicott,* J., who sustained the demurrer, and ordered the bill to be dismissed. The plaintiffs appealed to the full court.

*R. R. Bishop & W. S. Hall,* for the plaintiffs. If the plaintiffs had brought an action at law against Sherman, and summoned the lessees as trustees, they would be entitled at most to

receive only the amount of rent due and accrued at the date of process, which would not be enough to pay the debt, and the existence of so imperfect a remedy at law will not prevent a plaintiff from maintaining a bill in equity, under the Gen. Sts. *c.* 113, § 2. *Lord* v. *Harte*, 118 Mass. 271. If the reversion had been attached in a suit at law, the plaintiffs could not demand or receive the rents and profits of the estate until a levy upon execution. *Taylor* v. *Mixter*, 11 Pick. 341, 348. The rent accruing and becoming due to Sherman between the time of the attachment and a levy upon execution, which it is sought by this bill to hold and have applied to the payment of his debts, would be lost to the creditor; it is a property, right or interest which cannot be come at to be attached or taken on execution in a suit at law against the debtor.

The right of the owner of real estate which is subject to lease, to receive the rents thereof, is a valuable interest or right of property, which he may assign apart from the reversion. *Williams* v. *Hayward*, 1 El. & El. 1040. *Kendall* v. *Carland*, 5 Cush. 74, 80. *Smith* v. *Jennings*, 15 Gray, 69. *Hunt* v. *Thompson*, 2 Allen, 341. *Demarest* v. *Willard*, 8 Cow. 206.

There being a valuable interest, which cannot be come at to be attached or taken on execution in a suit at law, it is no answer to say that there is other property of the debtor which can be so reached. *Barry* v. *Abbot*, 100 Mass. 396. *Tucker* v. *McDonald*, 105 Mass. 423.

*B. L. M. Tower*, for Sherman.

GRAY, C. J. This bill is founded on that clause of the Gen. Sts. *c.* 113, § 2, which confers upon this court jurisdiction in equity of "bills by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within this state, which cannot be come at to be attached or taken on execution in a suit at law against such debtor."

The equitable jurisdiction conferred by this statute, and invoked in the bill, does not depend upon the nature of the plaintiff's debt or cause of action, but upon the existence of some property or right which cannot be come at to be attached or taken on execution at law, as security for, and in satisfaction of, the plaintiff's debt against the defendant. If the property or

right in question can be reached either by attachment or by execution at law, there is no ground for resorting to equity; and the jurisdiction in equity is limited by the statute to such property or rights as can neither be attached nor taken on execution at law.

The debt set out in the bill being a legal debt, the plaintiffs might, in an action at law thereon, attach and levy their execution upon the real estate of their debtor. Such levy upon the land would include the rent accruing after it was made, and the attachment, if duly recorded, would constitute a lien on the real estate, and would prevent any intermediate assignment from affecting such rent. Gen. Sts. *c.* 103, §§ 1, 13, 14; *c.* 123, §§ 32, 51. St. 1873, *c.* 297. *Taylor* v. *Mixter*, 11 Pick. 341, 348.

The only interest in the rents of real estate, therefore, which cannot be reached at law, is in so much of the rent as would accrue before an action at law, if brought at the time of filing the bill, could be prosecuted to final judgment and levy of execution. How much such rent would be depends upon the question, how long it would take to conduct an action at law to judgment. That is a question which is hardly capable of being determined in advance, and which it would be absurd for a court of chancery to undertake to try; and yet, on the only ground upon which the plaintiffs seek to maintain their bill, the very extent of the jurisdiction and power of the court depends upon the determination of this question, inasmuch as the statute gives the court sitting in equity no authority to apply to the payment of the plaintiff's debt the rents which would accrue after and be bound by a levy of execution at law.

The provisions of the statutes for attaching and levying upon real estate and the rents and profits thereof must be deemed to have afforded the entire remedy which the Legislature intended to give for applying to the payment of debts any title in real estate, or in the rents and profits thereof, which is a legal interest of such a nature as to be capable of being taken on execution at law. See *Taylor* v. *Robinson*, 7 Allen, 253.

*Decree affirmed.*