## HENRY J. WEIL vs. GEORGE J. RAYMOND & others.

Suffolk. March 18, 19. — July 1, 1886. W. ALLEN & HOLMES, JJ., absent.

A bill in equity, against A., B. his wife, and C., alleged that the plaintiff sold goods and lent money from time to time to A., who occupied a store and gave the plaintiff to understand that he was doing business there on his own account under the name of A. and Company ; that, on a day named, A. owed the plaintiff a certain sum, being the amount of an open account and of certain promissory notes ; that afterwards all the goods in the store formerly occupied by A. were removed to another store, where they were attached on a writ in an action brought by the plaintiff against A. to recover the amount of said debt, and a keeper was placed therein ; that, on the same day, B. brought an action against the plaintiff, and, at A.'s instigation, a keeper was placed in the plaintiff's store ; that C. thereupon claimed to be the absolute owner of said stock of goods attached by the plaintiff, notified the officer who served the plaintiff's writ against A. to withdraw the keeper, and threatened suit if the plaintiff caused any goods to be removed from the store under his attachment, and the plaintiff then withdrew his keeper therefrom ; that, at a date during the time of the sales and loans by the plaintiff to A., B. filed, by A.'s procurement, a certificate in the city clerk's office, stating that she proposed to do business on her separate account under the firm name of A. and Company, at the store then occupied by A. ; that the plaintiff was not informed of the filing of such certificate until after he had brought suit against A. ; that the plaintiff was ignorant as to the title under which C. claimed to own said goods, but the plaintiff was told by C., just before the attachment of the goods by the plaintiff, that the whole amount of C.'s claim against the goods did not exceed a certain sum ; that the value of the goods above said sum was more than sufficient to satisfy the claim of the plaintiff, who had often been assured by A. that C. held ample security other than said goods for all, or nearly all, of any debt due by A. to C. ; and that A. held a lease of certain real estate, which included the store so occupied by him, for a term of years, "which lease is unassignable by the lessee without the written consent of the lessor, and is terminable at the election of said lessor, if said lessee shall be declared insolvent, or any assignment of his property shall be made for the benefit of his creditors." The prayer of the bill was for an account, for an injunction, and for general relief. *Held*, on demurrer, that the bill could not be maintained.

BILL IN EQUITY, filed July 3, 1885, against George J. Raymond, Hattie D. Raymond, his wife, Horace Partridge, Benjamin F. Hunt, Frank P. Partridge, and Adolph Erlebach, the four last-named persons being copartners under the firm name of Horace Partridge and Company, alleging the following facts :

The plaintiff does business in Boston, and, before December 4, 1883, sold merchandise and lent money from time to time to George J. Raymond, who gave the plaintiff to understand that

he was carrying on business in Boston, on his sole account, under the name and style of George J. Raymond and Company, and who occupied a large store in the conduct of said business at No. 5 Tremont Row in said Boston. In like manner, since December 4, 1883, the plaintiff has continued to sell goods, to be disposed of in the prosecution of said business at No. 5 Tremont Row, and to make loans to George J. Raymond upon the credit and obligation of George J. Raymond and Company, believing, and being led by said George J. Raymond to believe, that he was thereby lending money and selling goods to, and receiving the obligation of, said George J. Raymond. On September 15, 1884, the debt due to the plaintiff was represented by an open merchandise account overdue, amounting to $518.83, and three promissory notes of $1000 each, due, respectively, on the fourteenth day of September, of October, and of November, 1884.

On said September 15, 1884, George J. Raymond applied to the plaintiff for an extension of said note, then overdue, which the plaintiff refused to grant, and said Raymond thereupon gave to the plaintiff a check for the amount thereof, namely, $1000, upon the Merchants' National Bank of Boston, dated September 20, and signed George J. Raymond and Company. Raymond, on the morning when said check became due and payable, and prior to the presentation thereof in due course of business, went to said bank and closed the account of George J. Raymond and Company with the same, and drew therefrom all money then and there deposited in the name of George J. Raymond and Company, whereby, and by failure to provide a sufficient deposit in said bank, said check when presented was dishonored and wholly unpaid.

On said September 15, or thereafter, but before September 20, all the stock of goods formerly in said store No. 5 Tremont Row was removed to a certain store numbered 50 in Winter Street in said Boston. On September 23, the plaintiff, on a writ sued out by him against George J. Raymond for the collection of said merchandise account and check, attached the goods contained in said store No. 50 Winter Street, and put a keeper therein to satisfy any judgment which the plaintiff might recover in said suit; and immediately afterwards, on the same day, the plaintiff was sued in an action denominated contract or tort

by Hattie D. Raymond, wife of said George J. Raymond, and a keeper was placed in the plaintiff's store in said suit, at the instigation of George J. Raymond. On the same day, the officer serving the plaintiff's said writ against said Raymond was served with notice by the firm of Horace Partridge and Company to withdraw the keeper from the store numbered 50 Winter Street, and afterwards, on September 26, was notified in writing by Horace Partridge and Company that said firm claimed to be absolute owners of the contents of said store, and suits for damages were threatened by an ostensible agent of said firm, if the plaintiff caused any goods to be removed from said store under said attachment thereof. Thereupon the plaintiff withdrew his keeper therefrom, and since that time Horace Partridge and Company have made demand on the plaintiff for damages to them caused by said attachment.

On December 4, 1883, Hattie D. Raymond filed, or caused to be filed, a certain paper or certificate in the city clerk's office in Boston, stating that she proposed to do business on her separate account under the firm name of George J. Raymond and Company at Nos. 5 to 8 Tremont Row in Boston. The plaintiff was not informed of the filing of any such certificate until after the bringing of said suit by him against George J. Raymond, and he is ignorant of any circumstances of the making and filing of said certificate, and of any facts whereby the business at that time carried on in said store No. 5 Tremont Row, and the goods then and thereafter therein contained and removed to said store numbered 50 Winter Street, were transferred to Hattie D. Raymond. The plaintiff believes that said certificate was filed by the procurement of said George J. Raymond, and is a fraudulent evasion of the provisions and purposes of the statutes of the Commonwealth, in that the adoption of the name and style under which said George J. Raymond ostensibly theretofore carried on business was calculated to prevent any inquiry, and did prevent any inquiry, on the part of the plaintiff, in regard to any change in said business to be effected thereby, and was calculated to and did afford said George J. Raymond a means for continuing to obtain goods, loans, and credits from the plaintiff without notice to the plaintiff that said Hattie D. Raymond was or pretended to be the principal carrying on said business. George J.

Raymond filed said certificate, or caused or procured it to be filed, for the fraudulent purpose of enabling him to obtain goods and credits from the plaintiff, who should, nevertheless, be led into or left in the belief that he was trusting said George J. Raymond; and for the purpose of substituting, in the place of a liability on the part of said George J. Raymond, liability on the part of said Hattie D. Raymond, who was otherwise unknown in business and without commercial credit; and also with the intent on said George J. Raymond's part of effecting a fraudulent conveyance, or the substantial and practical equivalent of a fraudulent conveyance, of all the property and stock of goods pertaining to the business in respect to which said certificate purported to be filed, and of goods and loans which said Raymond might afterwards obtain in the name or on the credit of George J. Raymond and Company, to said Hattie D. Raymond, either immediately by virtue of the filing of the said certificate, or immediately by enabling him as the pretended agent of said Hattie D. Raymond, or said Hattie D. herself, as the pretended principal in said business, to retain or dispose of said property, or any proceeds thereof, all on a secret trust for the benefit of said George J. Raymond, or to cover and protect said property from attachment as the property of said George J. Raymond, or from otherwise responding to any liability on his part, or for all said purposes, and with the intent to defeat, delay, and defraud the creditors of said George J. Raymond. Hattie D. Raymond knew of, or had reason to know of, all said fraudulent purposes of George J. Raymond, and consciously participated in the endeavors herein mentioned to effect the same.

The plaintiff is ignorant as to the nature of the title, if any, under which Horace Partridge and Company claimed to own the goods in said store No. 50 Winter Street; but the plaintiff was told by a member of said firm, just prior to the attachment of said goods by the plaintiff, that the whole amount of all title and claim of said firm in and to or against said goods was between $500 and $800, and did not exceed said last-named sum. The value of said goods above said sum of $800 was more than sufficient to satisfy the plaintiff's claim, and the plaintiff has often been assured by George J. Raymond that Horace Partridge and Company held ample security other than said

goods for all, or nearly all, of any indebtedness due by said
Raymond to Horace Partridge and Company. All title, if any,
which Horace Partridge and Company had in or to the greater
part of said goods in said store No. 50 Winter Street, was condi-
tional, and not absolute, and was derived and received by said
firm from said Hattie D. Raymond, acting under color and in
pursuance of a title and authority which she pretended was
vested in her by the filing of said certificate, and Horace Par-
tridge and Company were informed of these facts.

On or about March 4, 1884, said George J. Raymond leased
from one Robert Codman certain valuable real estate in said
Boston, the same being the stores and buildings numbered from
5 to 8 inclusive in Tremont Row, for a term of ten years, which
lease is unassignable by the lessee without the written consent
of the said lessor, and is terminable at the election of said lessor,
if said lessee shall be declared insolvent, or any assignment of
his property shall be made for the benefit of his creditors. The
property and interest thereby acquired by said George J. Ray-
mond is very valuable; but the plaintiff is advised that, because
of the non-assignability of the same, said leasehold estate cannot
be effectively attached and sold on execution, or taken by an
assignee of said Raymond in insolvency, and that the net profit
and income thereof can only be come at, in satisfaction of the
indebtedness of said Raymond, by a receiver thereof, to be ap-
pointed by this court.

Inasmuch as the plaintiff is advised that said George J. Ray-
mond and his said wife cannot do business as copartners, and
cannot be held jointly liable in the premises, and that, if said
certificate was filed or procured to be filed for the fraudulent
purposes hereinbefore mentioned, and said Hattie D. Raymond
consciously participated therein, the plaintiff has a right to hold
either or both of said parties, because of said fraud, as prima-
rily liable to him on the indebtedness incurred in the name of
George J. Raymond and Company to the plaintiff, as he shall
ascertain in this proceeding to be most advantageous to him in
that respect.

Should such participation appear, though Horace Partridge
and Company be innocent of all knowledge of or participation
in said fraudulent purposes, all goods, effects, or credits which

they may have in their possession of said Hattie D. Raymond, as well as of said George J. Raymond, may be applied in satisfaction of the plaintiff's said claim. If Horace Partridge and Company, in acquiring such goods, effects, or credits, consciously aided or participated in said fraudulent proceedings or purposes of said George J. Raymond, they are chargeable for the payment of the plaintiff's said claim to the full value thereof, whether acquired or received by them from said George J. Raymond and Hattie D. Raymond, or either of them, and whether they have paid for or on account of the same or not. If said Hattie D. Raymond was innocent of all knowledge of or participation in said fraudulent purposes, but received any goods or other property which had been sold, lent, or entrusted to her husband by the plaintiff, or other persons, in ignorance of her connection with said business, then no title thereto passed to her, and the proceeds thereof in her hands, or any indebtedness on the part of Horace Partridge and Company to her for the same, or a proportional part of said proceeds or of said indebtedness, if such goods or loans were mingled with other property to which she may have had a good title, to be herein ascertained, are all applicable to and chargeable for the payment of the plaintiff's said claim.

The plaintiff is further advised, that no attachment of any goods, effects, or credits purchased in or standing in the name of said George J. Raymond and Company can be made without great uncertainty and danger of liability, and the rights of the plaintiff in the premises may not be determined at law without many and expensive suits, and said leasehold estate of said George J. Raymond cannot be effectively attached under process of attachment, and the plaintiff is without a plain, adequate, and complete remedy at law.

The prayer of the bill was, that an account of the indebtedness of said George J. Raymond and Company to the plaintiff might be taken, and all parties liable to the plaintiff on account thereof, or to respond thereto, might be ascertained and charged therewith; that an account of the transactions between said George J. Raymond and Hattie D. Raymond, and of either of them with Horace Partridge and Company, whereby the nature and liability on account thereof might be ascertained, and it

might be ascertained if Horace Partridge and Company have any goods, effects, and credits of either said George J. Raymond or Hattie D. Raymond in their hands or possession, and, if so, to what extent, and that the same might be applied to the satis-'faction of any claim the plaintiff might establish in this case; that meantime a receiver might be appointed to take charge of all and singular said leasehold estate of said George J. Raymond, to collect the rents and profits thereof, and out of the same to pay the charges thereof and the remaining net proceeds into this court, to be applied in satisfaction of any judgment which the plaintiff might obtain ; that Horace Partridge and Company might be enjoined from disposing of any goods, effects, or credits in their hands belonging to said George J. Raymond and Hattie D. Raymond, or either of them, or in which they or either of them have any interest, or received from them or either of them, and from paying or accounting for said goods to said George J. Raymond or Hattie D. Raymond, or either of them, and said George J. Raymond from making any assignments of the rents or income to be derived from the subletting of said leasehold estate, and said Hattie D. Raymond from making any disposition of any assets in her possession or control, acquired in the name of George J. Raymond and Company ; and for other and further relief.

The defendants demurred to the bill, assigning several grounds therefor, which appear in the opinion.

At the hearing, the demurrer was sustained, and the bill dismissed, with costs; and the plaintiff appealed to the full court.

*J. C. Coombs,* (*F. Burke* with him,) for the plaintiff.

*R. Lund & W. C. Cogswell,* for the defendants.

FIELD, J. If George J. Raymond has any interest in the leasehold estate, which can be taken by a creditor in satisfaction of his debt, it is a legal estate which can be attached in an action at law against him, and, if judgment is obtained, execution may be levied upon it. Pub. Sts. *c.* 171, § 51 ; *c.* 161, §§ 61 *& seq. McNeil* v. *Ames,* 120 Mass. 481. As was said in *Schlesinger* v. *Sherman,* 127 Mass. 206, this is the "entire remedy which the Legislature intended to give for applying to the payment of debts any title in real estate, or in the rents and profits thereof, which is a legal interest of such a nature as to be capable of being taken on

execution at law." The bill does not set out a copy of the lease or its terms, further than to state that it "is unassignable by the lessee without the written consent of the said lessor, and is terminable at the election of the said lessor if said lessee shall be declared insolvent, or any assignment of his property shall be made for the benefit of his creditors." An assignment by operation of law is not a breach of a covenant not to assign; *Smith* v. *Putnam*, 3 Pick. 221; and if, on inspecting a copy of the lease, it should appear that, by its terms, the interest of the lessee ceases if it be attached or taken on execution, this is the effect of the contract, and is not a ground for equity jurisdiction. There is, indeed, no averment that George J. Raymond has sublet the property, or is in the receipt of any rent therefrom.

The plaintiff sues to recover a debt for merchandise sold, and this debt has not been reduced to a judgment, and therefore the case is not within the general equity powers of the court to subject property on which an execution at common law cannot be levied to the satisfaction of a judgment obtained at law. *Carver* v. *Peck*, 131 Mass. 291.

The chattels which the plaintiff seeks to have applied to the payment of his debt are property which, from its nature, can be come at to be attached and taken on execution in a suit at law, if the property of the debtor; and the case stated is not within the Pub. Sts. c. 151, § 1, cl. 11. The case discloses no equitable interest of either George J. Raymond or his wife in the chattels, which cannot be attached at law.

If the plaintiff sold the merchandise to George J. Raymond under the name of George J. Raymond and Company, he can sue him therefor; if, in buying the property, George J. Raymond acted as the agent of his wife, an undisclosed principal, the plaintiff can also sue her; he cannot sue both jointly, but it is said that he can proceed against each separately, although not to judgment against both, for a judgment obtained against one, although unsatisfied, is a bar to an action against the other. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319. *Kingsley* v. *Davis*, 104 Mass. 178. *Curtis* v. *Williamson*, L. R. 10 Q. B. 57. *Priestly* v. *Fernie*, 3 H. & C. 977.

The plaintiff's difficulty is not so much in determining whom to sue, as in determining beforehand who owns the chattels

which he wishes to attach in the suit; but the statutes have not made this a ground of jurisdiction in equity. If the chattels have been mortgaged or pledged to Horace Partridge and Company by the plaintiff's debtor, or if Horace Partridge and Company have a lien upon them, and the general property is in the plaintiff's debtor, they can be attached in an action at law. Pub. Sts. *c.* 161, §§ 74 *& seq.*

The plaintiff contends that the certificate of Hattie D. Raymond, that she proposes to do business on her separate account under the style of George J. Raymond and Company, was filed by her in fraud of the statute and of his rights. The Legislature has not forbidden a married woman from doing business under a firm name which contains the name of her husband, and under which he had previously done business. If the certificate is not such as the Pub. Sts. *c.* 147, § 11, require, the effect is that the property employed in the business is liable to be attached as the property of the husband, and he is liable upon all contracts lawfully made in the prosecution of the business. The deceit practised under such a certificate is not greater than if any man or unmarried woman had taken the business of George J. Raymond carried on by him under the name of George J. Raymond and Company, and had continued to carry on the same kind of business under the same name, at the same place, with George J. Raymond as agent. If George J. Raymond has attempted to convey his property directly to his wife, the conveyance is void, and it can still be attached as his property; if the conveyance has been made through a third person, whether it is fraudulent and void as against his creditors is to be determined upon much the same principles as if the conveyance had been made to any other person. If the change in the form of doing business is a pretence, and George J. Raymond is in fact carrying on the business, the filing of the certificate does not prevent the plaintiff from proving what the fact really is. It is only on the ground that the property of the plaintiff's debtor has been conveyed in fraud of creditors, that the plaintiff can bring his case within the Pub. Sts. *c.* 151, § 3. This section gives jurisdiction in equity, in the cases specified in it, concurrently with that of courts of law. *Powers* v. *Raymond*, 137 Mass. 483. The plaintiff before filing this bill brought an action at law

in the courts of this Commonwealth against George J. Raymond for the same cause of action as that alleged against him in this bill, and this action, apparently, is now pending; and it may be that the pendency of this action would be a good ground for dismissing the bill as to him. See *Buffum* v. *Tilton*, 17 Pick. 510.

If the bill had been brought against Hattie D. Raymond as the sole debtor of the plaintiff, with an allegation that she had transferred her property to Horace Partridge and Company to defraud her creditors, it may be that it would state a case within the Pub. Sts. *c.* 151, § 3, and that the pendency of the action against George J. Raymond would not be a bar to this suit against her, as the undisclosed principal for whom he contracted the debt. But the plaintiff cannot, upon the facts shown, maintain a suit against both jointly as his debtors, either at law or in equity. In bringing or in prosecuting a suit, he must elect whether he will take George J. Raymond or his wife as his debtor, and he cannot make both principal defendants in one suit, whether he charges them conjunctively or alternatively. The uncertainty, if there be any, as to the person liable for the indebtedness, and the risk attending an attachment of the property and a levy of execution upon it, if the plaintiff obtain judgment against either George J. Raymond or his wife, does not give the court jurisdiction in equity. But the bill does not distinctly allege that the property has been conveyed to Horace Partridge and Company by either George J. Raymond or his wife in fraud of the creditors of either. Indeed, the bill does not distinctly and unequivocally allege that the property has been conveyed by George J. Raymond to his wife with intent to defeat, delay, or defraud his creditors. See *Clark* v. *Jones*, 5 Allen, 379.                *Decree affirmed.*