MARY DI PIETRO *vs.* GIUSEPPE BERTOLAMI.

Middlesex. January 17, 1927. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Of one owning or controlling real estate.

At the trial of an action of tort for personal injuries received in a fall on a common stairway in a tenement house, the defendant contended that he was not the owner of the building and was not in any capacity responsible to the plaintiff even if all other grounds of liability were established. The judge instructed the jury that, unless the defendant at the time of the letting made clear to the plaintiff's husband that he was simply a caretaker and not the owner, there could be recovery, even if the jury found that the defendant was not the owner but was acting for an undisclosed principal, if the other elements of liability were made out. The context of the charge showed that it was made plain to the jury that the plaintiff must prove all the elements of her case, including the allegation that the defendant was owner or responsible for the condition of the premises, by a fair preponderance of the evidence, and that the burden of proof rested on her throughout. *Held,* that no error was shown.

TORT. Writ dated February 5, 1924.

In the Superior Court, the action was tried before *Burns,* J. Material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,200. The defendant alleged exceptions.

*F. G. Volpe, B. Zottoli, & H. E. Perkins,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for injuries sustained by the plaintiff through falling on a common stairway of a building in which she and her husband occupied a tenement. One contention of the defendant at the trial was that he was not the owner of the building and was not in any capacity responsible to the plaintiff even if all other grounds of liability were established. There was evidence that at the time of the hiring of the tenement the defendant, when asked "who was the boss or

owner of the house," replied that he was. There were in evidence several receipts given to the plaintiff's husband by the defendant and signed "Joseph Bertolami." The single question raised by the exceptions is to a portion of the charge. The jury were fully instructed that the plaintiff must satisfy them by a fair preponderance of the evidence that the defendant was the owner or was in control of the premises to such an extent that, if not the owner, he owed a duty to her. An exception was taken to further instructions that, unless the defendant at the time of the letting made clear to the plaintiff's husband that he was simply caretaker and not the owner, then, if the jury found that the defendant was not the owner but was acting for an undisclosed principal, there could be recovery if the other elements of the case were made out. There was no error in this instruction. In the context it was made plain to the jury by the charge as a whole that the plaintiff must prove all the elements of her case, including the allegation that the defendant was owner or responsible for the condition of the premises, by a fair preponderance of the evidence, and that that burden of proof rested on her throughout. *Wylie* v. *Marinofsky*, 201 Mass. 583, 584. The rules as to the liability of the defendant and what must appear in order to avoid the natural implications of his conduct in view of all the evidence, were correctly stated in the charge. *Raymond* v. *Crown & Eagle Mills*, 2 Met. 319, 324. *Weil* v. *Raymond*, 142 Mass. 206, 213.

*Exceptions overruled.*