## JOHN McCAFFREY *vs.* WILLIAM C. CARTER.

Essex. Nov. 9, 1877. — Sept. 5, 1878. MORTON & SOULE, JJ., absent.

After judgment for the conversion of certain chattels, an action cannot be maintained for the conversion of other chattels taken by the same act, although the plaintiff was prevented from including them in the former action by the fraudulent acts of the defendant.

TORT for the conversion of 40 machinist's tools. Writ dated October 17, 1876. Answer, that the tools were part of a large number, converted at one time by one act, for which conversion the plaintiff had recovered judgment against the defendant, which had been paid.

At the trial in the Superior Court, before *Gardner*, J., it appeared that the plaintiff had occupied for two years a building, belonging to the defendant, as a machine shop; that about April 20, 1874, the defendant took possession of the premises under mortgages which covered most of the personal property therein, and excluded the plaintiff and his workmen therefrom, and that the defendant had since retained possession of the premises and the personal property. The plaintiff testified that during the year 1874, he and his family were ill, and he did very little about the matter; that afterwards a reference was attempted, which failed; that, while this was pending, he went to the shop about every week to see the defendant about it, but the latter

avoided him; that this lasted from January to May, 1875; that after that he was not at the shop more than twice until about November 20; that in August, 1875, he brought an action against the defendant for the conversion, in which a nonsuit was entered by agreement; that before this was done, he had thought of other articles not included, and decided to give up that action and bring a new one; that about November 20, he again went to the shop and demanded of the defendant to see and take the goods, but the defendant refused to comply with the demand, and ordered him from the premises. It did not appear that he explained to the defendant what goods in particular he referred to, or that the defendant then knew that the action was to be abandoned.

On December 2, 1875, the plaintiff brought a new action, including in his declaration, as he testified, all he could then remember or ascertain about. This action was tried at March term 1876, and judgment rendered against the defendant for $634, which he paid. The plaintiff further testified that afterwards, at three different times, he demanded other articles of the defendant, and the first two times the defendant went through the shop with him and gave up a part, but, observing him taking notes of other articles, turned him out of the shop; that the last demand was made on September 18, 1876.

Upon this evidence, the defendant requested the judge to rule that the former judgment was a bar to this action; and that there was no evidence of any wrongful concealment, of the articles sued for in this action, before the former suit. But the judge declined so to rule, and instructed the jury that the judgment recovered in the first action would be a bar to this action, unless the plaintiff was prevented from including these articles in the former action by the wilful, intentional acts of the defendant in secreting the goods, or wilfully preventing the plaintiff from seeing them, with intent to prevent him from knowing what they were; that if, in the former action, the plaintiff accidentally omitted the articles sued for in this action, or if he failed to remember them, or if, by any act of the plaintiff, he neglected to enumerate those articles now sued for, the former judgment would be a bar to this action.

The jury returned a verdict for the plaintiff for $109.05; and the defendant alleged exceptions.

*C. U. Bell*, for the defendant.

*E. T. Burley*, for the plaintiff.

LORD, J.   The general principle, that there is but one cause of action by reason of the conversion of various chattels at the same time, is admitted by the plaintiff.  His claim is that, in a former action for the same conversion, the defendant fraudulently concealed the fact that the chattels, for the value of which this suit was brought, had been concealed by the defendant, who had fraudulently prevented the plaintiff from ascertaining the fact by refusing to allow him to examine the articles taken.  It is not necessary to consider whether any refusal by the defendant to allow access to his building by the plaintiff for the purpose of ascertaining whether any and what property belonging to him was there can in law be fraudulent.  We assume that the defendant did fraudulently conceal the fact that the articles which are the subject of the present suit were a part of the chattels originally taken.  Assuming this, What is the effect?  The cause of action (and the plaintiff had but one cause of action) was not concealed.  The plaintiff knew its existence, brought his action upon it, recovered judgment, and that judgment was satisfied.  The fraud was in preventing the plaintiff from proving in that case the full extent of his damage. With the right of the plaintiff to require full disclosure of all facts necessary to his case, upon interrogatories filed, the power to compel him to produce all documents, and to examine him as a witness, and the authority of the court to allow amendments, it is difficult to understand how the defendant could fraudulently conceal from the plaintiff the extent of the damages sustained, even if it is any part of the defendant's duty to afford such facilities.   We should certainly be inclined to regard the failure of the plaintiff to make the proper proofs as evidence rather of his own laches, than of a fraud of the defendant, at least until he had exhausted the means within his power to ascertain the extent of his damages.   But assuming the fraud to the extent claimed by the plaintiff, the former judgment is, while it remains unreversed, upon principle and authority, a bar to this suit.   *Folsom* v. *Clemence*, 119 Mass. 473, and cases cited.

*Exceptions sustained.*