EDWIN S. STEVENS *vs.* ORRIN S. HASKELL and another,
Executors.

Waldo.    Opinion September 10, 1879.

*Evidence.    Contract—construction of.*

Parol evidence is inadmissible to vary or contradict a written agreement.

Thus where the plaintiff leased his mill, house, stable and mill yard to the defendants' testator "to manufacture all lumber of various kinds that he wants to during the year 1874, all for the rent of seventy-five cents per thousand for the lumber, and the waste wood while manufacturing said lumber." *Held:* In an action to recover for the proceeds of waste wood arising from the testator's lumber taken from a lot near the plaintiff's mill and transported to and sawed at the testator's mill several miles distant from the plaintiff, that it was not competent for the plaintiff to prove that, when the lease was made, the parties understood that the testator's lot near the plaintiff's mill was to be stripped and all the lumber sawed at the plaintiff's.

ON REPORT.

Plaintiff relied upon a count for money had and received by Going Hathorn in his lifetime, late of Pittsfield, deceased, defendant's testator, to the amount of $400.00.

Plea, general issue and brief statement alleging no sufficient notice and demand upon the defendants as executors of Going Hathorn before suit brought, as required by statute; and also alleging a former recovery by plaintiff in a former suit brought by the plaintiff against said Hathorn in his lifetime and defended by the defendants as his executors after his death; and also alleging a former recovery by defendants in suit brought by said Hathorn in his lifetime against said Stevens and prosecuted by them after his death to final judgment.    The plaintiff introduced the following notice and demand, viz:    "To Orrin S. Haskell and Obed Foss executors of Going Hathron late of Pittsfield in the county of Somerset, deceased.    You are hereby notified that I have a claim against the estate of said Hathorn for the sum of six hundred and sixty-two dollars and fifty cents for rent of mill for sawing seventy-five thousand feet of lumber at seventy-five cents per thousand feet, and for one hundred and sixty cords of waste wood from said lumber at two dollars and fifty cents per

cord, and for damage to mill and machinery, and to boarding house, one hundred and fifty dollars, the said claims having accrued before the decease of said Hathorn, I hereby demand of you payment of said claims as executors of said estate.

E. S. STEVENS."

Dated at Unity, July 30, 1877.

Admitted that the defendants are executors of the will of Going Hathorn, late of Pittsfield, and that the following contract put into the case by plaintiff was executed by the plaintiff and by the said Going Hathorn and Pushaw:

This memorandum of agreement made this 22d day of November A. D. 1873, by and between E. S. Stevens of Unity in the county of Waldo and Hathorn and Pushaw of Pittsfield in the county of Somerset,

Witnesseth—That said Stevens agrees to let his mill, situated on the Sawabascook stream, about two miles below Hermon Pond, known as Morris Mill, to said Hathorn and Pushaw, to manufacture all lumber of various kinds that they want to manufacture during the year 1874, commencing on the first day of March, and also the house and stable near said mill and the mill yard and landing belonging to said mill, all for the rent of seventy-five cents per thousand feet for said lumber, and the waste wood made while manufacturing said lumber. And said Stevens also agrees in consideration of said rent to remove the planer and stave machine from said mill and to clear out said mill and to put said mill and machinery, and track and car for running out lumber, and said mill yard, in good order for their business, previous to said first day of March, 1874.

Said Hathorn and Pushaw accepting the terms and conditions above written agree to run said mill to manufacture said lumber and to pay to said Stevens rent of seventy-five cents per thousand feet for said lumber manufactured by them, and also to let him have the waste wood made while manufacturing said lumber.

Plaintiff will prove (if admissible) that the mill rented by defendants' testator, was in Hampden, that Hathorn & Pushaw owned a lumber lot near the mill, upon which was estimated to be 200 M. feet of long lumber, and 400 cords of spool timber,

equal to 160 M. feet of lumber; that after making the contract and previous to cutting the timber Pushaw sold his interest to Hathorn; that it was the intention and understanding of the parties when the contract to rent the mill was made that the lot was to be stripped and all of the lumber sawed at plaintiff's mill; that about 200 M. of long lumber was sawed at plaintiff's mill; that Hathorn cut about 400 cords of spool wood from said lot, hauled it to the railroad, shipped it to Pittsfield and sawed it at his own mill; that there was about 160 cords of waste wood, from the 400 cords of timber sawed at Pittsfield, the waste wood being worth $2.50 per cord, which wood the said Hathorn sold and received the pay for, and still retains it.

The above admissions are made *pro forma*, and for the purpose of presenting the questions of law arising in the case to the law court; but they are not to prejudice the defendants or be used in case the court should direct the action to stand for trial.

The defendants introduced record of judgment recovered by plaintiff at the March term of this court, 1878, against the defendants as executors of said Going Hathorn, writ and record of judgment make part of the case. They also introduced record of judgment recovered by them as executors of said Hathorn, at the December term of the supreme judicial court, 1877, in Somerset county. Writ and record make part of the case. It was, however, admitted for the purposes of the present case, that the claims which the plaintiff makes in the present suit, as hereinbefore stated, were not presented by him in the defense of that suit as matter of recoupement or set off, or in reduction of damages.

By consent of parties the case was reported to the law court. If the action is maintainable, it is to stand for trial; otherwise judgment to be entered for defendants.

*George E. Wallace*, for the plaintiff, among other things said :

There is an ambiguity in the following clause in the contract, "to manufacture all lumber of various kinds that they want to manufacture during the year 1874." Parol testimony is admissible to show the circumstances and surroundings of the parties at

the time of making the contract.   1 Greenl. Ev., §§ 288, 297.   16 Conn. 196.   *Sumner* v. *Williams*, 8 Mass. 214.

The true construction of the contract in the light of all the surroundings is that Hathorn & Pushaw were to pay Stevens seventy-five cents per M. and the waste wood made while manufacturing the lumber from the lot near Stevens' mill.

It would not be a reasonable construction to say they were to pay him rent for all lumber they might manufacture any where during the year 1874.   Nor would it be a reasonable construction to say that it was optional with Hathorn & Pushaw to manufacture as small amount as they saw fit, considering the extensive repairs that were required of Stevens, and as shown by the judgment in the case.

The contract is to manufacture "lumber of various kinds," if the intention had been to manufacture long lumber only, they would have used the word "slabs" instead of the words "waste wood," as the term "waste wood" applies more especially to the refuse from short lumber, and "slabs" is applied to long lumber.

The waste wood became the property of the plaintiff the moment it was severed from the lumber.

The judgment in the action, *Stevens* v. *Hathorn et al.*, is not a bar to an action for the conversion of the wood.

The conversion was by Hathorn alone, this action is against Hathorn's estate, and the estate still holds the proceeds from the sale of the wood.

The statute requires notice before bringing an action, the object is to call the attention of the executor to the demand before an action is brought.   Plaintiff could bring an action for money had and received or for trover.

*D. D. Stewart*, for the defendants.

APPLETON, C. J.   This is an action of assumpsit upon a count for money had and received by Going Hathorn, defendant's testator, to the amount of $400 from the sale of the waste wood made from his timber sawed by him at his mill in Pittsfield.

On 22d November, 1873, the plaintiff leased to Hathorn & Pushaw his mill below Hermon Pond with the house, stable and

mill yard "to manufacture all lumber of various kinds that they want to manufacture during the year 1874, commencing on the first day of March . . all for the rent of seventy-five cents per thousand feet for said lumber and the waste wood while manufacturing said lumber," &c.

Pushaw sold out his interest to Hathorn, whose estate the defendants represent.

At the April term, 1875, in this county the plaintiff commenced an action on the above contract against Hathorn & Pushaw for rent due on which he recovered judgment. In that suit no claim was made for waste wood. Indeed, the plaintiff has had all the waste wood accruing from the lumber sawed at his mill under the contract of November 22d—before referred to.

The proceeds of waste wood sought to be recovered in this suit are from the sales of the waste wood arising from the testator's lumber sawed by him at his mills in Pittsfield, some twenty miles or more distant from the plaintiff's mill in Hampden.

The plaintiff offered to show that it was the intention and understanding of the parties when the contract to rent the mill was made that the testator's lot near the mill was to be stripped and all the lumber sawed at the plaintiff's mill.

But this is directly in contradiction of the written agreement of the parties. Hathorn & Pushaw were "to manufacture all lumber of the various kinds they want to manufacture, during the year 1874." No specific amount to be manufactured is fixed or determined. They were to manufacture what they wanted, not what they did not want to manufacture.

The parol evidence offered was entirely inadmissible. It materially varies the written contract deliberately entered into by the parties. *Doyle* v. *Dixon*, 12 Allen, 578. *Shaw* v. *Shaw*, 50 Maine, 95.

The rent is seventy-five cents per thousand for manufacturing said lumber "and the waste wood made while manufacturing said lumber." The waste wood is specially confined to that arising from the lumber manufactured at the plaintiff's mill. He can claim no other. It is absurd to suppose that either had reference to the waste wood of lumber manufactured elsewhere.

The lumber manufactured by defendant's testator at his mill in Pittsfield was his own. The waste wood from the lumber manufactured there was his. The plaintiff has no interest, nor claim to it, nor in the proceeds derived from its sale.

Besides, the plaintiff. has recovered judgment in one action upon his contract in which he alleged that "the said Going Hathorn and George N. Pushaw their memorandum of agreement as aforesaid has not kept in any way, shape or manner, but hath broken the conditions thereof." It would seem by the authorities cited that the plaintiff could not split his cause of action and maintain two suits. But it is unnecessary to consider the question, as upon other facts proved or admitted the plaintiff has no cause of action whatever. *McCaffrey* v. *Carter*, 125 Mass. 330. *Clemence*, 119 Mass. 473.

*Judgment for the defendants.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.