OTIS L. THISLER v. J. J. MILLER, as *Sheriff of Dickinson County.*

1. WRONGFUL LEVY — *Judgment for Part of Property—Subsequent Action —Res Judicata.* A judgment in favor of the owner for the recovery of a part of a number of animals from an officer who had wrongfully seized them upon an execution against another than the owner, where all of the animals were seized and taken from the possession of the owner at the same time and upon the same writ, is a bar to the maintenance of another action by the owner against the officer to recover the remaining animals so seized and detained.

2. NEW TRIAL — *Refused, When.* A motion for a new trial on the ground of newly-discovered evidence will not be sustained where it appears that the testimony relied upon was within the knowledge of the party who was absent from the trial, but who had failed to communicate the facts to the attorney who appeared in his behalf.

*Error from Dickinson District Court.*

REPLEVIN by *Thisler* against *Miller*, as sheriff. Judgment for defendant. The plaintiff comes here. The opinion states the facts.

*Burton & Moore,* for plaintiff in error:

1. The court erred in holding that the matters in issue in this case were *res adjudicata* by reason of the judgment in the former case before the justice. In order that an issue be adjudged *res adjudicata*, it must appear that the parties are identical, the cause of action identical, and the defense identical, and the causes of action in both cases must have existed at the time of the commencement of the first action. The action before the justice was commenced for the possession of two horses; this action was commenced for the possession of 31 head of cattle. The causes of the two actions were not identical. The same evidence to prove the right of possession to the horses would not establish the right to the possession of the cattle. Or he may have been entitled to the possession of the cattle and not to the horses. There was nothing before the court to show that the plaintiff's right to the possession of the cattle was in the remotest degree connected with his right to the possession of the horses. We conclude on this first point that the cause of action set forth in plaintiff's petition is not *res adjudicata* by reason of the agreed statement of facts; that the right to the possession of the cattle in no sense depended upon his right to the possession of the horses; that evidence of ownership of the horses would not establish ownership of the cattle; that the gist of the action was the unlawful detention, (*Brown v. Holmes*, 13 Kas. 482,) and not the unlawful taking.

2. The court erred in refusing the motion for a new trial. The evidence adduced upon this motion shows that the horses were taken by the sheriff on the 13th and the cattle were taken on the 14th. The suit for the possession of the horses was commenced before the justice on the morning of the 14th,

and before the plaintiff in error had any knowledge that the cattle had been taken, and, as a matter of fact, before the cattle were taken by the sheriff.   Hence, the cause of action for the possession of the cattle did not in fact exist at all when the suit for the possession of the horses was commenced.   Nor did the plaintiff in error have any knowledge that the sheriff had, or was intending, to levy upon the cattle when he commenced his suit for the possession of the horses.   Does the law require that a man must wait until a trespasser has taken the last head of cattle on his farm before he is permitted to take steps to recover any of it?

The defendant in error says that plaintiff was estopped from showing the facts by reason of his admissions in the statement of counsel.   The statement of counsel does not state anything in relation to the time when the sheriff took possession of these cattle.   The admission was that the "sheriff levied upon the two horses, and at the same time upon the cattle in controversy."   Both the horses and the cattle were taken by the sheriff from the farm of M. D. Thisler, five or six miles from Chapman.

The agreed statement of facts was made under a misapprehension of the real facts in the case, and through the false and misleading official return of the defendant in error.   The facts developed on the motion for a new trial conclusively show that counsel were induced to make this agreement upon the belief that the officer, the defendant in error, had made a correct return of his proceedings under the writ.   We submit that an agreement so procured by the false statements of the opposite party ought not to be allowed to inure to the benefit of the party making such false statements.

*John H. Mahan,* for defendant in error:

There are only two questions in this case: The first is, whether the plaintiff could split his cause of action, and, having done so, recover in one action without being barred as to the other; and the second is, whether the action of the court

in denying the motion of the plaintiff for a new trial is sustained by the evidence—by any evidence.

The ruling of the court, in any event, in denying the motion is fully sustained by the evidence, and, under the well-settled line of decisions of this court, this court will not disturb the ruling of the court below where its judgment is sustained by any evidence. But we think it is unnecessary to apply this rule to its full extent. It seems to us that the evidence is clear that the plaintiff had no ground for a new trial; that his motion therefor was without ground, and that the only legal question involved in the case is, whether the plaintiff in this case can split his cause of action, and recover twice where one recovery would satisfy the law. Upon this proposition we cite as follows: *W. & W. Rld. Co. v. Beebe*, 39 Kas. 465; *Herriter v. Porter*, 23 Cal. 385.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by Otis L. Thisler to recover from J. J. Miller, then sheriff of Dickinson county, 31 head of cattle, which had been taken upon an execution as the property of M. D. Thisler, to satisfy a judgment which had been obtained against M. D. Thisler. The answer of Miller was that the action was barred, by reason of the fact that a portion of the animals which he had seized upon that execution were taken from him by Otis L. Thisler, in a replevin action brought before a justice of the peace, in which Otis L. Thisler was plaintiff and J. J. Miller was defendant. In that action, Thisler duly recovered a judgment against Miller on account of the same wrong which was complained of in the present case, which judgment was then in full force and effect against the defendant. It was further alleged that, after the rendition of that judgment against the defendant, he appealed the case to the district court, but afterward, upon motion of Miller, the appeal was dismissed, and the judgment of the justice of the peace remained valid and binding against the plaintiff and the defendant respecting all matters in controversy in the case.

At the trial, the attorney for the plaintiff made a statement to the court of the facts which had been agreed upon between him and counsel for the defendant, to the effect that the property sought to be recovered in the action was levied upon by the sheriff under an execution issued against M. D. Thisler; that under the same execution the sheriff levied upon two horses, and at the same time upon the cattle in controversy; that afterward Thisler brought an action of replevin to recover the possession of the horses so levied upon, and in that action recovered a judgment for the possession of the horses. That action of replevin was appealed from the justice's court to the district court, and afterward, on motion of defendant, the appeal was dismissed. During the pendency of the suit before the justice of the peace and for the recovery of the horses, this action was instituted for the recovery of the cattle. Upon that statement, the judgment of the court was asked as to whether the action could be maintained, when the court ruled that the action of Thisler was barred, and that, upon the statement, a verdict for the defendant would be directed. Thisler then offered to prove that at the time the sheriff took the cattle they belonged to him, and that he was entitled to the immediate possession of the same. The court sustained an objection to the testimony. When the plaintiff rested, and after the defendant had offered proof of the value of the cattle which had been replevied, the court directed the jury to return a verdict in favor of the defendant for the value of the property in controversy, to wit, $779.

Afterward, a motion for a new trial was filed, based upon the following grounds: (1) Irregularities in the proceedings of the court, by which the plaintiff was prevented from having a fair trial; (2) excessive damages; (3) error in the assessment of the amount of recovery; (4) the verdict was not sustained by sufficient evidence; (5) the verdict is contrary to law; (6) newly-discovered evidence material for the plaintiff, which he could not with reasonable diligence have discovered and produced at the trial; (7) errors of law occurring at the trial and excepted to by the plaintiff. Upon this motion, there

was testimony that the horses were taken upon the execution upon one day, and the cattle upon the following day; and the attorney for the plaintiff stated that when he made the agreement with counsel for the defendant, and made the statement in court that the horses and cattle were taken upon the same execution at the same time, he did not know that the horses and cattle were taken at different times. As the return of the execution included all of the animals, he inferred that all had been seized at the same time, and, as Thisler was not present at the trial, he did not learn the real facts until after the verdict had been rendered. Thisler, however, testified upon the motion that he was acquainted with the facts respecting the seizure of the horses and cattle, and knew that they had been taken at different times. The testimony upon the motion, however, tends to show that both horses and cattle had been levied upon by the sheriff prior to the bringing of either action, and that the sheriff held all of them in his possession at the same place when the action before the justice of the peace was begun to recover the horses. The action to recover the cattle was begun on the evening of the same day in the district court. The court overruled the motion for a new trial; and it is now insisted, first, that there was error in holding that the matters in issue in this case were *res adjudicata* by reason of the judgment in the former case before the justice of the peace; and, second, that the court erred in denying the motion for a new trial.

The facts agreed upon and submitted in the original statement of counsel justified the court in directing a verdict in favor of the sheriff. The judgment obtained in the first action brought before the justice of the peace was *res adjudicata*, not only as to the matters actually considered and decided, but also as to every other matter which the parties might have litigated in the case, and which they might have had decided. The plaintiff claimed to be the owner and entitled to the possession of all the animals seized by the sheriff. If all the animals were taken by the sheriff at the

1. Wrongful levy—judgment for part of property— subsequent action—res judicata.

same time and upon the same writ, and if the plaintiff was the owner and entitled to the possession of all of them, the wrongful detention of the sheriff constituted a single wrong as against plaintiff, and only a single action was necessary. There is as much reason for dividing the wrong and bringing 33 actions as there is in splitting it into two, as was done by the plaintiff. The law does not favor a multiplicity of suits, and where all the matters in controversy between parties may be fairly included in one action, the law requires that it should be done. If the plaintiff was the owner and entitled to the possession of the several animals, and they were seized at one time, it gives him but one cause of action, and he cannot be allowed to split it up and bring separate suits for the different animals. (*W. & W. Rld. Co. v. Beebe*, 39 Kas. 465; *Shepard v. Stockham*, 45 id. 244; *Ellis v. Crowl*, 46 id. 100; *Madden v. Smith*, 28 id. 798; *Bennett v. Hood*, 1 Allen, 47; *McCaffrey v. Carter*, 125 Mass. 330; *O'Neil v. Brown*, 21 Ala. 482; *Kaehler v. Dobberpuhl*, 60 Wis. 256; *Herriter v. Porter*, 23 Cal. 385.

The ruling of the court upon the motion for a new trial must be sustained. The only ground assigned to which the testimony produced on the motion could apply was that of newly-discovered evidence. The evidence relied on was that the property was seized at different times, and therefore that two actions could be maintained; but how can it be said that this evidence was newly discovered? It appears to have been within the knowledge of the plaintiff at the time of the trial, and his failure to communicate it to his at-

2. New trial—refused, when.

torney, or his absence from the trial, furnishes no reason to treat the evidence as newly discovered. Neither the negligence of the plaintiff nor the misapprehension of the attorney is sufficient ground for granting a new trial. (*Holderman v. Jones*, 52 Kas. 743.)

It is said that the plaintiff was misled into making an admission by the conduct of the defendant and of his counsel, but whether or not there was any evidence to sustain the claim is immaterial, as the misconduct of the defendant or his

counsel was not assigned as a ground for a new trial. More than that, the testimony offered on the motion for a new trial, and upon which the ruling of the court was based, tended to show that all the animals were within the possession of the sheriff, and were being detained by him at the time the first action of replevin was brought. If that was the case, the first action should have been brought for the recovery of all. The judgment of the district court will be affirmed.

All the Justices concurring.