No. 46,213

Omega Stamps, *Appellee*, v. Consolidated Underwriters, Garnishee-*Apellant*, and Martin A. Landwehr, *Appellee*.

Mary Radcliff, *Appellee*, v. Consolidated Underwriters, Garnishee-*Appellant*, and Martin A. Landwehr, *Appellee*.

Maude Burton, *Appellee*, v. Consolidated Underwriters, Garnishee-*Appellant*, and Martin A. Landwehr, *Appellee*.

Helen F. Lee, *Appellee*, v. Consolidated Underwriters, Garnishee-*Appellant*, and Martin A. Landwehr, *Appellee*.

Phyllis Ann Lee, *Appellee*, v. Consolidated Underwriters, Garnishee-*Appellant*, and Martin A. Landwehr, *Appellee*.

(493 P. 2d 246)

Opinion filed January 22, 1972.

*John W. Jordan*, of Bryant, Cundiff and Shanahan, of Wichita, argued the cause, and *Glenn J. Shanahan* of the same firm was with him on the brief for the appellant.

*John W. Brimer*, of Higgins and Brimer, of Wichita, and *Mearle D. Mason*, of Hill, Mason, Graber and Nicklin, of Wichita, argued the cause, and *Vincent L. Bogart*, of Wichita, was with them on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by an insurer-garnishee from an order determining the amount of interest due on judgments rendered as a result of an automobile collision.

An order made in the garnishment proceeding has been here before (*Stamps v. Consolidated Underwriters*, 205 Kan. 187, 468 P. 2d 84).

On April 28, 1962, a collision occurred in Wichita in which a vehicle driven by Martin A. Landwehr and owned by one Riley struck another vehicle driven by Darrell D. Smith. Four passengers in the Smith vehicle were killed in the collision. As a result of these deaths the five plaintiff-appellees in this action obtained judgment against Landwehr on September 16, 1966, in a consolidated trial in which other damage claims arising from the collision were also adjudicated. Plaintiff Stamps was awarded damages in the sum of $26,623.00, plaintiff Radcliff $26,500.63, plaintiff Burton $26,376.13, plaintiff Helen E. Lee $1,376.13 and plaintiff Phyllis Ann Lee the sum of $25,000, or a total of $105,875.89. No appeal was taken from the rendition of these judgments.

The judgments were not paid and on March 15, 1967, an order of garnishment was issued against appellant Consolidated Underwriters and two other liability insurance carriers. These garnishees answered denying liability, which answers were controverted by plaintiff-appellees. One insurance carrier settled appellees' claim against it and the garnishment action proceeded to trial against appellant Consolidated and the other carrier. This other carrier was released from any liability to defendant Landwehr or his judgment creditors. As to Consolidated, it is sufficient to say a liability policy issued by it in 1961 to Landwehr's father was reformed to include defendant Landwehr as a named insured, providing him with coverage while driving a nonowned vehicle which he would not otherwise have had, and Consolidated was held legally obligated to pay to his judgment creditors "the amount of the limits of said policy . . . in accordance with the terms and provisions thereof".

The principal sum of appellant's policy limit applicable to appellees' claims was determined to be $50,000.

The foregoing order of reformation and judgment was rendered June 14, 1968. Appellant appealed from it to this court, which

affirmed the trial court's action (*Stamps v. Consolidated Under-writers,* supra). Thereafter appellees filed their motion in the trial court requesting determination of the amount of interest due on their judgments under the provisions of appellant's policy of insurance as reformed.

By order made May 19, 1970, the trial court determined the proportionate part of the $50,000 policy proceeds each appellee should have from appellant to apply on his respective judgment and in addition the court ruled that appellant owed interest on the total amount of the judgments rendered in favor of plaintiffs in the damage action from the date they were rendered against Landwehr. The court computed the amount of interest accruing daily upon each judgment and it ordered that such interest was owing and should continue until appellant tendered or paid into court the full amount specified to be paid.

Appellant has now appealed from the May 19, 1970, judgment, contending the trial court erred in ruling it was liable for interest on the entire amount of the judgments from the time they were rendered against Landwehr, such interest to continue until appellant satisfied its policy obligation.

Appellant concedes only that it owes interest on the $50,000 policy limit from June 14, 1968, the date judgment was entered reforming its policy to include Landwehr as a named insured.

The first two challenges to the trial court's action require little discussion and will be considered together. Appellant says the trial court's judgments of June 14, 1968, did not mention interest, this court affirmed those judgments on appeal and the trial court's later computation of interest modified and expanded this court's mandate of affirmance, which it had no jurisdiction to do. Appellant also says its policy proviso respecting payment of interest was before the trial court and could have been litigated by that court in its June 14, 1968, order but was not and hence later consideration of the interest clause in the policy was barred under the doctrine of *res judicata.* A short and simple answer to each challenge is that the trial court's June 14, 1968, judgment specifically directed payment of "the amount of the limits of said policy . . . *in accordance with the terms and provisions thereof*" (emphasis supplied). Interpretation and construction of the interest clause was not then in dispute and neither challenge has merit.

Appellant's principal contention is that its policy does not obli-

gate it to pay interest on any amount exceeding $50,000, the principal sum named as its limit of liability.

The part of appellant's policy pertinent to payment of interest is:

"II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall: . . . (2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon; . . ."

In times past this proviso has been referred to as a "standard interest clause" and we shall so refer to it despite the fact member insurers of the National Bureau of Casualty Underwriters have since replaced it in their policies with another more explicit proviso, as hereinafter shown.

Whether a liability insurer is liable for interest on that portion of a judgment recovered against its insured by a third party which is in excess of the principal amount limited by the policy depends upon the language used by the parties in their contract of insurance.

We have never considered the so-called standard interest clause. Courts which have done so are divided (see Anno. 76 ALR 2d 983, "Liability insurer's liability for interest and costs on excess of judgment over policy limit").

That which now appears to be the majority view is the clause creates liability for interest on the entire judgment awarded so as to render the insurer liable for such interest until the amount of the policy limit, plus interest on the whole judgment, has been tendered, offered or paid.

The minority view is that liability is limited to interest on the amount of the policy limit. Reasons advanced for this position, and urged by appellant here, are that the clause is clear and unambiguous; liability for interest on the portion of the judgment in excess of the policy limit amounts to vicarious liability imposed on the insurer, and the insured during the delay on the part of the insurer in paying its part of the judgment had the use of money on that part of the judgment in excess of the policy limits.

We are more impressed by the soundness of the reasons advanced in support of the majority view. Those reasons found cogent and terse expression in *River Valley Cartage Co. v. Ins. Co.*, 17 Ill. 2d 242, 161 N. E. 2d 101, 76 ALR 2d 978, where the court considered

an identical clause and, speaking through Mr. Justice Walter V. Schaefer, stated:

"Courts have divided on the meaning of the phrase 'all interest accruing after entry of judgment.' Some have read it to limit liability for interest to that part of the judgment for which the insurer is responsible. [Citations] Others have not. [Citations] It might be enough to say that the ambiguity evidenced by this division of opinion should be construed against the insurer. [Citation] But we believe that there are other and stronger reasons for holding that the phrase creates liability for interest on the entire judgment.

"In the first place, the insurer's language compels such a conclusion. The phrase referring to interest uses the term 'judgment' without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to 'such part of the judgment as does not exceed the limit of the company's liability thereon.' Obviously the insurer knew how to qualify the term 'judgment' to achieve the result that it urges. It did not do so.

"In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured can not settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of interest is thus the responsibility of the insurer. And until it has discharged its obligations under the policy it should bear the entire expense of this delay.

"Insurers themselves have recognized this. The National Bureau of Casualty Underwriters formerly included the clause now before us in its form of standard policy. It has now changed its form to read 'all interest on the entire amount of any judgment therein which accrues after entry of the judgment.' In announcing the change, it said: 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon.' Ramsey, 'Interest on Judgments under Liability Insurance Policies,' Insurance Law Journal No. 414 (July, 1957), p. 407, at p. 411." (pp. 244-246.)

The directive of The National Bureau of Casualty Underwriters, referred to above, contained this further advice to its member companies:

"All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime, they should be interpreted in keeping with the above intent." (Ramsey, "Interest on Judgments Under Liability Insurance Policies," Insurance Law Journal No. 414 [July, 1957], p. 411.)

Earlier the same subject was considered by eminent insurance counsel and this analysis was made:

"Supplementary payments.—In cases where a judgment is recovered against the insured for an amount in excess of the applicable policy limit, the underwriters have always intended that the company would pay all interest, on the entire amount of the judgment, accruing after entry of the judgment and before the company has paid or tendered or deposited that part of the judgment which is within the applicable policy limit. There have been cases to the contrary. . . .

"The family automobile policy expressly states that the company will pay 'all interest on the entire amount of any judgment,' so it is hoped that there will be no further effort by the companies to restrict their obligations to interest which applies to that part of the judgment which is within the applicable policy limits." (Risjord & Austin, "Standard Family Automobile Policy," Insurance Law Journal No. 411 [April, 1957], p. 201.)

In 8 Appleman, Insurance Law and Practice, § 4899, this summation appears:

". . . there is a conflict as to whether the insurer is liable to pay interest upon that portion of the judgment in excess of the policy limits. The standard rule long had been that the insurer was liable only for interest on that portion which was within the policy limits. More recently, a line of authority has sprung up to the effect that since the insurer controls the litigation, on appeal as well as in the trial court, it should bear the burden of all interest which accrues during that period of time. This would appear to be the only fair result, inasmuch as the insurer has control of the litigation, and can make its election to appeal irrespective of the insured's desires in the matter. It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so." (pp. 363-364.)

We are persuaded the language in the interest clause means what it says and means what a substantial segment of the insurance industry says it means, that is, irrespective of principal policy limits, the term *judgment* refers to the entire or whole judgment and not something less. This view is consonant with reason and justice and we hold the trial court properly ruled that appellant owes interest on the entire amount of the judgments rendered against Landwehr.

Landwehr was a named insured in appellant's policy as reformed. The reformation related back to the time of the policy's issuance. Appellant became liable to Landwehr for indemnity at the time the judgments were rendered against him. It likewise became indebted to Landwehr's judgment creditors, appellees herein, upon the same terms. It could have discharged that contractual liability

by paying the judgment but did not. Hence the trial court also correctly ruled that appellant owed interest from the time the judgments were rendered against Landwehr.

Appellees have sought to raise further issues in this appeal. They contend the trial court erroneously denied them the benefit of the statutory increase in interest on judgments from six to eight per cent per annum made effective July 1, 1969, by that which is now K. S. A. 1971 Supp. 16-204. This issue was expressly raised in the trial court and determined adversely to appellees. No appeal was taken from that ruling and it thereby became the law of the case. The other issues sought to be raised by appellees are based on alleged facts outside the record on appeal, they are not briefed and we likewise decline to pass upon them.

Judgment affirmed.

APPROVED BY THE COURT.