No. 64,751

JACK R. ELLIS, *Appellant*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellee*.

(822 P.2d 35)

Opinion filed December 6, 1991.

*Gerald W. Scott*, of Wichita, argued the cause and was on the briefs for appellant.

*Gerald Sawatzky*, of Foulston & Siefkin, of Wichita, argued the cause, and *Darrell L. Warta* and *Stephen M. Kerwick*, of the same firm, were with him on the briefs for appellee.

*Robert W. Wise* and *Casey R. Law*, of Bremyer & Wise, P.A., of McPherson, were on the brief for *amicus curiae* Kansas Association of Defense Counsel.

*David P. Calvert*, of Wichita, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

LOCKETT, J.: Jack R. Ellis petitioned for review of the Court of Appeals decision limiting his postjudgment interest award. *Ellis v. State Farm Mut. Auto. Ins. Co.*, No. 64,751, unpublished opinion filed February 15, 1991. Ellis claims the Court of Appeals (1) failed to follow *Glenn v. Fleming*, 247 Kan. 296, 799 P.2d 79 (1990), which states that under a standard supplementary payments clause in a liability insurance policy, an insurer is liable for all interest on the entire amount of any judgment which accrues after entry of the judgment and before the insurer has paid or tendered or deposited in court the amount of the policy limits plus interest on the entire judgment, and (2) improperly found his postjudgment interest claim was barred by the doctrine of res judicata.

Ellis was injured in an automobile-pedestrian accident on February 27, 1981. State Farm Mutual Automobile Insurance Company (State Farm) insured both Ellis, the pedestrian, and Horace Whittaker, the driver of the automobile that struck Ellis. State Farm paid Ellis $61,151.21 in personal injury protection (PIP) benefits under his insurance policy. Whittaker's automobile liability insurance limit for injury to one person was $25,000. Ellis sued Whittaker on July 20, 1981, in Thomas County. In February 1982, State Farm intervened under K.S.A. 40-3113a to assert its PIP lien of $61,151. The case was settled for $175,000 on March 8, 1983. The policy limit of $25,000 was mailed by Whittaker's insurer (State Farm) on April 15, 1983, to the clerk of the district court of Thomas County. The clerk received the $25,000 settlement draft on April 19, 1983. In August 1983, the trial court ordered that the $25,000 paid into court, less attorney fees, be paid to Ellis' insurer (State Farm) under its PIP lien. Ellis did not appeal the court's order to reimburse State Farm.

On January 13, 1984, the Supreme Court decided *State Farm Mut. Auto. Ins. Co. v. Kroeker*, 234 Kan. 636, 676 P.2d 66 (1984). In *Kroeker*, we held a PIP insurer is not entitled to reimbursement for prior PIP payments out of payments made on behalf of a tortfeasor on a settlement or on a judgment when such payments are not duplicative of the PIP benefits. Relying on *Kroeker*, Ellis filed a motion, pursuant to K.S.A. 60-260(b), to modify the 1983 judgment disbursement of the $25,000 to State Farm. The district

court refused to modify the judgment, finding the motion inappropriate because Ellis had failed to appeal. The Court of Appeals affirmed. *Ellis v. Whittaker,* 10 Kan. App. 2d 676, 709 P.2d 991 (1985).

On March 7, 1988, Ellis filed the present case in Sedgwick County, requesting a judgment in the amount of $107,374.61 for interest due Ellis on the 1983 judgment from April 15, 1983, the date State Farm mailed the $25,000 to the clerk of the district court, through March 7, 1988, the date of the filing of the petition in the present case, and for additional interest thereafter at 10.5% per annum. The claim for the interest is based on a provision in Whittaker's policy of insurance which stated:

"Section I — Liability — Coverage A:

. . . .

SUPPLEMENTARY PAYMENTS
In addition to our limit of liability, we will pay on behalf of a covered person:

. . . .

3.  Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage."

In July 1988, the case was transferred from Sedgwick County to Thomas County, the county where the original action was filed and decided. On December 28, 1989, the district court determined that State Farm should pay postjudgment interest on plaintiff's entire $175,000 judgment against the driver, from March 8, 1983, the date of the settlement, through April 19, 1983, the date State Farm's settlement draft of $25,000 was received by the clerk of the district court. The district court determined the amount of interest due to be $3,020.56. State Farm paid the $3,020.56 into court. Ellis appealed. State Farm did not cross-appeal.

In reaching its decision, the Court of Appeals panel split 2-1. Judge Gernon and Assigned District Court Judge Ralph King formed the majority; Judge Davis dissented. The majority of the Court of Appeals first found that the holding in *Glenn* was not controlling because the language of State Farm's policy was different from the language of the policy in *Glenn* and required a separate analysis. Second, the majority determined the language

of State Farm's supplementary payments provision, which states the duty to pay interest terminates "when we offer to pay" that part of the judgment not exceeding the company's liability thereon, is broader than the policy language in *Glenn* and its predecessor, *Stamps v. Consolidated Underwriters,* 208 Kan. 630, 493 P.2d 246 (1972). The majority held that under Ellis' policy language when there is an offer to pay on the driver's behalf, the settlement is reached; the insurer's duty to pay interest on the judgment ended on March 8, 1983, the date of the settlement. The majority then stated that because of State Farm's brief delay in payment of its policy limit, the trial court resolved State Farm's delay in an equitable manner by awarding Ellis interest from March 8, 1983, to April 19, 1983. (The record does not indicate the trial court resolved the delay on the basis of equity.) Third, the majority of the panel asserted that Ellis had impermissibly split his cause of action. The majority held the issue of interest due Ellis could have been raised when the $25,000 was ordered to be given to State Farm as reimbursement for PIP benefits in August 1983, and the doctrine of res judicata barred Ellis' interest claim.

Judge Davis dissented, arguing that under the terms of its policy, State Farm had obligated itself to pay interest on the entire judgment. Judge Davis reasoned State Farm's offer to pay its policy limit without an actual tender of payment was illusory and the obligation to pay interest continues until the policy limit is actually paid. Judge Davis would have held that State Farm's policy provision was no different from those examined in *Glenn* and *Stamps* and that State Farm was liable for interest on the $175,000 judgment from March 8, 1983, through the date it paid the $3,020.56 into court. Judge Davis asserted the issue of res judicata was not properly before the Court of Appeals because the district court, by granting an interest award, rejected State Farm's res judicata defense and State Farm did not appeal that ruling.

Ellis contends the Court of Appeals erred in holding there had been an impermissible splitting of a cause of action and, therefore, his claim was barred by the doctrine of res judicata. Ellis notes the postjudgment litigation in the original action was between Ellis and State Farm in its capacity as Ellis' PIP automobile

insurance carrier and did not involve State Farm in its capacity as the driver's liability insurance carrier. Ellis asserts State Farm, by paying into court the $3,020.56 interest, waived its right to appeal the trial court's implicit rejection of the contentions that Ellis had an impermissible split of a cause of action and that his claim was barred by the doctrine of res judicata. Ellis argues that, because State Farm did not appeal, the Court of Appeals denied him the opportunity to brief the issue of res judicata and improperly decided that issue.

The law does not favor a multiplicity of suits, and where all the matters in controversy between parties may be fairly included in one action, the law requires that should be done. The doctrine of res judicata prohibits one who has a cause of action from dividing or splitting that cause so as to make it the subject of several actions, without the consent of the person against whom the cause exists. *Thisler v. Miller*, 53 Kan. 515, 521, 36 Pac. 1060 (1894).

The doctrine of res judicata

"is founded upon the principle that the party, or some other with whom [the party] is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. [Citation omitted.] The salutary rule of res judicata forbids a suitor from twice litigating a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered, and decided, but also to every question which might have been presented and decided. [Citation omitted.] The doctrine of res judicata prevents the splitting of a single cause of action or claim into two or more suits; it requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action. [Citation omitted.] This rule is one of public policy. It is to the interest of the state that there be an end to litigation and an end to the hardship on a party being vexed more than once for the same cause. The doctrine of res judicata is, therefore, to be given a liberal application but not applied so rigidly as to defeat the ends of justice. [Citation omitted.]

"An issue is res judicata when there is a concurrence of four conditions: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. [Citations omitted.]"
*In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985).

State Farm raised the issue of res judicata in its brief to the Court of Appeals. Although State Farm did not cross-appeal the district court's decision, it asserts the issue of res judicata was properly before the Court of Appeals because an appellee may urge any matter for affirmance of a judgment, even though the argument may involve an attack on the reasoning employed by the lower court or add new reasons that the lower court ignored in reaching the judgment. See *City of Lenexa v. Board of Johnson County Comm'rs*, 237 Kan. 782, 784, 703 P.2d 800 (1985), and *Williams v. Amoco Production Co.*, 241 Kan. 102, 116, 734 P.2d 1113 (1987).

Ellis' use of K.S.A. 60-260(b) to attack the original Thomas County judgment was a direct attack. An attack on a judgment is direct where the proceeding is brought for the purpose of impeaching or overturning the judgment. When Ellis' direct attack on the judgment failed, he split the cause of action by filing the second lawsuit to obtain interest he claimed was due on the original judgment. No principle of law exempts a person from the application of the doctrine of res judicata because the effort to break a single cause of action into two or more parts was due to neglect, accident, mistake, ignorance, or a subsequent change in the law.

"Application of the doctrine of res judicata is unconcerned with the procedural avenue employed to acquire jurisdiction in a particular tribunal. The doctrine prevents a second assertion of the same claim or cause of action and, regardless of which statute a party uses to proceed to a tribunal, where the same facts, same parties, and same issues have previously been litigated before a court of competent jurisdiction which renders a judgment within its competency, the cause of action is barred. [Citation omitted.]" *In re Estate of Reed*, 236 Kan. at 519.

State Farm raised the issue of res judicata in its appellee's brief. Ellis could have briefed the issue in a reply brief under Supreme Court Rule 6.05 (1990 Kan. Ct. R. Annot. 27) had he so desired.

By our finding Ellis split his cause of action and his claim for interest is barred by the doctrine of res judicata, it is unnecessary to construe the language of the supplementary payments provision of Whittaker's automobile liability policy. Because the Court of Appeals' held that res judicata barred Ellis' second action for

interest due on the original judgment, its comments regarding the language of the supplementary payments provision is dicta.

Affirmed.