### JOHN MYOTT *vs.* ALBERT W. GREER & others.

Suffolk.   December 2, 1909. — January 8, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* To enforce negative agreement.   *Good Will.   Corporation. Infant.   Sale.   Contract,* Validity.   *Assignment.   Deed.*

In a suit in equity to restrain the defendant from carrying on an express business in violation of a covenant with the plaintiff, the following facts appeared: The defendant, the owner of an express business, sold and conveyed to the plaintiff all the property used in the business "together with the good will of the business," and in the bill of sale covenanted that he would "not engage in the ex-

press . . . business in any form whatever within twenty miles of the town" where the business sold was located "for a period of ten years either directly or indirectly." The plaintiff, after carrying on the business for ten months, formed a corporation to which for capital stock issued to him he assigned "the business assets, good will and personal property of every description belonging to" him "and used or capable of being used in connection with the business." The corporation mortgaged its tangible property, and later, the mortgage being foreclosed, ceased to do business. The plaintiff then resumed business in his personal capacity. The defendant, soon after selling his business to the plaintiff, had set up and conducted an express business in violation of his covenant. The corporation never reconveyed the good will of the business to the plaintiff. *Held*, that the plaintiff could not maintain the suit, because the corporation and not he was the owner of the good will of the business and without owning such good will he could not enforce the covenant not to engage in a competing business.

A corporation may buy a business as of a date previous to its incorporation, such a purchase meaning merely that the assignor of the business must account to it for the business which he transacts from the date as of which it is bought.

The fact that two of the three directors of a Massachusetts corporation are minors does not prevent an assignment and sale to the corporation of the good will of a business from taking effect so as to pass to the corporation the title to the good will.

*Whether* minors are or are not qualified to act as directors of a Massachusetts corporation, here was not decided.

The good will of a business may be transferred by an instrument not under seal.

At the hearing of a suit in equity, in which the plaintiff sought to enforce for his own benefit a covenant by the defendant, contained in the bill of sale to the plaintiff of the assets and good will of an express business, not to engage in a competing business within a certain period, it appeared that the plaintiff, soon after the sale to him, had conveyed his rights to the business and its good will to a corporation by an instrument not under seal. The corporation ceased to do business and the plaintiff resumed business in his personal capacity, but the good will never was reconveyed to him. The suit then was brought, and thereafter the directors of the corporation by a formal vote assented to its prosecution. *Held*, that, the good will still belonging to the corporation, it should be the party in interest to enforce the covenant of the defendant and, although a suit on behalf of the corporation would have to be brought in the name of the plaintiff in this suit because the good will was not assigned to the corporation under seal, this suit was not for the benefit of the corporation and therefore the vote of the directors did not help the plaintiff.

BILL IN EQUITY, filed in the Superior Court on April 1, 1909, seeking to enjoin the defendant Albert W. Greer from continuing to engage in the express, furniture moving, storage and dray business within twenty miles of Revere in alleged violation of a covenant contained in a bill of sale and assignment under seal by the defendant to the plaintiff of the business, as stated in the opinion.

The case was referred to Arthur P. Hardy, Esquire, as master. Such of his findings as are material to this decision are stated in the opinion. Objections and exceptions to his report

were filed by both parties. The exceptions were overruled and the master's report confirmed by *Wait*, J., who directed a decree to be entered enjoining the defendant Albert W. Greer as prayed for in the bill. The defendants appealed.

*H. T. Richardson*, for the defendants Albert W. and Agnes M. Greer.

*E. E. Elder*, for the plaintiff.

LORING, J. This bill is brought to enjoin the defendant from violating a covenant made by him on June 28, 1907, in these words: "I will not engage in the express, furniture moving, storage or dray business in any form whatsoever, within twenty (20) miles of the town of Revere for a period of ten years either directly or indirectly."

This covenant is contained in an assignment dated June 28, 1907, by Greer to Myott of all the property used by him (Greer) in the express business, "together with the good will of the business now being carried on by me at number 394 Broadway, Revere, known as and in the name of Blackmar's Express Company." From June 28, 1907, (the date of the above assignment to him) to April 28, 1908, Myott carried on an express business under the name of Blackmar's Express Company. In April, 1908, Myott organized under the laws of this Commonwealth a corporation by the name of the "Blackmer's Express Company," and on April 23, 1908, he executed a bill of sale by which he, John Myott, "doing business at 394 Broadway in said Revere under the firm name and style of Blackmer Express Company (not incorporated)" did assign to said corporation "the business assets, good will and personal property of every description belonging to me and used or capable of being used in connection with the business now carried on by me at said 394 Broad, [*sic*] Revere, and elsewhere." Myott received for said assignment certificates for the full number of shares in the capital stock of the corporation. It does not appear what the capital stock of the corporation was, but it does appear that in the articles of organization the good will of the business assigned to the corporation was valued at $7,970, and the merchandise at $4,000.

On July 11, 1908, a mortgage upon the tangible property of the corporation was foreclosed and the corporation ceased to do business.

On July 11, 1908, the plaintiff set up and since then has conducted an express business on his own account under the name of Blackmar's Express Company.

Since the fall of 1907, or the early spring of 1908, the defendant Greer has been conducting an express business under the name of the Revere Express Company, and another under the name of the Chelsea Express Company, both within twenty miles of the town of Revere.

On April 1, 1909, this bill was filed to compel the defendant to specifically perform his covenant above set forth.

The case was sent to a master and a final decree was entered in the Superior Court restraining the defendant from carrying on a business in violation of the covenant. The case is before us on an appeal from that decree.

The master ruled that the plaintiff, by selling to the corporation the good will of the express business carried on by him under the name of the Blackmer Express Company, did not deprive himself of the right to engage in a competing business under his own name. It may be doubted whether the ruling was right. The case seems to come within *Angier* v. *Webber*, 14 Allen, 211.

But even if that ruling were right it does not follow that the plaintiff could maintain this bill. The defendant's covenant which is the foundation of this suit is valid since it is attached to the good will sold by Greer to the plaintiff and by the plaintiff to the corporation. Were it not for that or some other adequate consideration of public policy it would be invalid as a covenant in restraint of trade. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, and cases cited. The corporation is the owner of that good will, and it is the corporation only as the owner of that good will that has a right to enforce the covenant. The fact that the corporation is not now doing business is of no consequence. That was true in the case of *Marshall Engine Co.* v. *New Marshall Engine Co.*, where it was held that a receiver of the corporation not carrying on its business could stop the grantor of the good will assigned to the corporation from conducting a competing business. In that way alone could the creditors of the corporation represented by the receiver realize the full value of the good will owned by the corporation.

There is nothing in the several objections set up by the plaintiff. The corporation could buy a business as of a date prior to its existence as a corporation. All that is meant by that is that the assignor must account to the corporation for the business from the date as of which it is bought. Neither is there anything in the objection that two out of three directors of the corporation were minors. If the fact that a person is a minor disqualifies him from being a director of a Massachusetts corporation (which we do not intimate), it does not follow that the good will assigned by the plaintiff to the corporation did not pass to it. Again, there is nothing in the objection that the assignment to the corporation was not under seal. The transfer of a good will need not be under seal, and if the transfer of the covenant ought to have been under seal the result is that, if the corporation should bring suit to enforce its rights under it, the suit would have to be brought in the name of the plaintiff. But if that were true it does not follow that this suit can be maintained by the plaintiff to protect, not the business of the corporation (to which the covenant is an incident), but a business done by the plaintiff and not by the corporation. Lastly, the vote of the directors of May 17, 1909,* does not help the plaintiff. The difficulty with this suit is that the business in connection with which alone this covenant can be enforced belongs to the corporation, while this suit is brought to aid the plaintiff in a business carried on by him for his own account and not on account of the corporation. Had the directors voted to transfer to the plaintiff the good will owned by the corporation and the corporation had done so, the plaintiff in the absence of any action by the creditors of the corporation could have brought a bill to enjoin the defendant from violating this covenant. The plaintiff could have done so because in that case he would have owned the good will to which this covenant is an incident and to protect which it was entered into.

The result is that the bill must be dismissed with costs.

*So ordered.*

---

* By this vote the directors did "assent, so far as our assent may be necessary, to the beginning of said suit by said John Myott and its prosecution by said John Myott and its prosecution by him."