YRJO LONNQVIST & another *vs.* IDA LAMMI & others.

Worcester.    September 26, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice*, Appeal.    *Agency*, Existence of relation.    *Husband and Wife.    Tenant in Common.    Contract*, What constitutes.    *Judgment*, Merger.

An appeal, by the plaintiff in a suit against three defendants, from a decree sustaining a demurrer of one defendant and dismissing the bill as to that defendant, brings the suit to this court properly.

In the bill in a suit in equity against a man and a woman (whose surnames were the same) and another to reach and apply, toward payment of a debt alleged to be owed to the plaintiff by the man and the woman, funds held by the third defendant as surplus after the foreclosure of a mortgage upon premises alleged in the bill to have been owned by the man and the woman "as tenants in common," it was alleged that the plaintiff "had been employed" by the man "in the presence, with the knowledge and approval" of the woman to do certain renovating of a building on the mortgaged premises; that previous to the foreclosure the plaintiff had obtained a judgment against the man, which remained unpaid, for the amount of his claim, and, before the foreclosure, attachment had been made and execution had been levied on the land and notice had been given to the mortgagee; that the "work performed and the materials furnished by the plaintiff to the defendants," the man and the woman, "at their request was performed and furnished for their mutual benefit on the premises in question . . . though at the time the plaintiff brought his action against" the man, he "did not know that" the woman "had any interest in the premises, and in ignorance thereof only sued" the man "and recovered a judgment against him as if he had been the sole owner of the premises;" that the woman owed "her proportionate share of the common improvements on the premises to" the man and that the plaintiff was "subrogated to the rights of" the man "to the amount of the" woman's proportionate share of the common expense in improving the property.    The prayers sought payment, out of the surplus in the hands of the defendant mortgagor, of the entire amount of the execution issued in the action against the man.    The defendant woman demurred.    *Held,* that

(1) It not being averred in the bill that the defendant man acted as agent for the defendant woman, no agreement between her and the plaintiff was shown;

(2) Even assuming that the man and the woman were husband and wife, the marital relation was not enough alone to show agency;

(3) No agency arose by implication from the fact that the man and woman as tenants in common owned the premises, for the improvement of which the plaintiff was engaged by the man to do work and furnish materials;

(4) The original debt was merged in the judgment against the man; and therefore, even if there originally were a joint obligation of the man and the woman

to pay the plaintiff, after that judgment no recovery for that debt could be had against the woman;

(5) Upon the allegations in the bill, the question of the merger of the original debt in the judgment properly was raised by demurrer to the bill;

(6) No recovery could be had against the woman on the judgment or on the execution against the man, because she was not a party to that action.

BILL IN EQUITY, filed in the Superior Court on May 25, 1922, in which the plaintiffs alleged in substance that the defendants Frank Lammi and Ida Lammi owned a certain tract of land with buildings thereon in Fitchburg, as tenants in common; that the defendant Mary A. Wilson foreclosed a mortgage thereon and sold the premises at a public auction in accordance with a power of sale contained in her mortgage; that previous to the foreclosure, the plaintiffs had been employed "by said Frank Lammi in the presence, with the knowledge and approval of the defendant Ida Lammi," to paint, "paperhang" and renovate the building on the land, and previous to the foreclosure had recovered a judgment in the Superior Court against Frank Lammi for $642.63 for such work and materials, which remained unpaid, "all of which work was performed and materials furnished on said house so owned as tenants in common by the defendants Frank and Ida Lammi;" that at the time of the foreclosure sale the plaintiffs had attached and levied their execution on the land and had given due notice to the defendant Mary A. Wilson of the attachment and levy on the premises and had demanded that she reserve and pay to them the amount of their execution with the accumulated costs and interest, which the defendant Mary A. Wilson had refused and neglected to do; that the defendant Mary A. Wilson had in her possession an amount sufficient to pay the plaintiffs' execution as proceeds of the foreclosure sale in excess of the amount of the mortgage indebtedness to her; that the "work performed and the materials furnished by the plaintiffs to the defendants Frank and Ida Lammi, at their request was performed and furnished for their mutual benefit on the premises in question to the amount thereof, though at the time the plaintiffs brought their action against said Frank Lammi to recover for the work and materials they did not know that Ida Lammi had any interest in the premises, and in ignorance thereof only sued said Frank Lammi and recovered a judgment against him as if he had been the sole owner of the premises;" that the de-

fendant Ida Lammi owed her proportionate share of the common improvements on the premises to said Frank Lammi, and that the plaintiffs were "subrogated to the rights of said Frank Lammi to the amount of the defendant Ida Lammi's proportionate share of the common expenses in improving the property." The prayers were for an injunction restraining the defendant Mary A. Wilson from paying over the proceeds in excess of her mortgage indebtedness until further order; that "the defendant Mary A. Wilson may be ordered to pay the plaintiffs all the proceeds realized under her foreclosure sale and in excess of her mortgage indebtedness to the amount of the plaintiffs' execution with accumulated costs and interest, amounting to $725.08;" and for general relief.

The defendant Ida Lammi demurred on the following grounds:

"1. That the plaintiffs' bill of complaint does not state the cause of action in equity against the defendant Ida Lammi.

"2. That the plaintiff's bill of complaint shows that the defendant Ida Lammi never entered into any contract with the plaintiffs.

"3. That the plaintiffs are barred by their former action and judgment thereon from prosecuting any claim against the defendant Ida Lammi.

"4. That if the plaintiffs have any claim against defendant Ida Lammi, then it is an action of contract and they have plain and adequate remedy at law."

The demurrer was heard by *Hall,* J., by whose order there was entered a decree sustaining the demurrer and dismissing the bill, in so far as it related to Ida Lammi. The plaintiffs appealed.

*J. G. Annala,* for the plaintiffs, submitted a brief.

*G. A. Anderson,* for the defendant Ida Lammi.

RUGG, C.J. This is a suit in equity whereby it is sought to have applied in payment of the plaintiff's claim the excess of money in the hands of a mortgagee arising from foreclosure and remaining after satisfying the debt secured. It is alleged in the bill that before the foreclosure, the plaintiffs were employed by the defendant Frank Lammi "in the presence, with the knowledge and approval of the defendant Ida Lammi" to make repairs upon the building on the land covered by the mortgage, that the plaintiffs recovered a judgment in the Superior Court against the defendant Frank Lammi for the amount due for such repairs

which is unsatisfied, that at the time of the recovery of the judgment the plaintiffs were ignorant of the interest of Ida in the real estate on which the repairs were made, that Frank and Ida were in fact owners as tenants in common of the equity of redemption therein subject to the mortgage and that the work performed and materials furnished at their request were for their mutual benefit.

Final decree was entered sustaining the demurrer of the defendant Ida Lammi and dismissing the bill as to her. The plaintiffs' appeal brings the case here properly. *Reynolds* v. *Missouri, Kansas & Texas Railroad,* 224 Mass. 253. *Hutchins* v. *Nickerson,* 212 Mass. 118.

The demurrer was rightly sustained for several reasons. The bill sets out no contract between the plaintiffs and the defendant Ida Lammi. There is no allegation that the agreement of the plaintiffs was made with her. On the contrary the express averment is that the plaintiffs were employed by the defendant Frank Lammi. It is not alleged that Frank was the agent of Ida or acted in her behalf in employing the plaintiffs. The marital relation (if it be assumed to exist) is not enough alone to show agency. *Harvey* v. *Squire,* 217 Mass. 411, 414. No agency arises by implication out of a tenancy in common. That is not a partnership but simply a kind of joint ownership. If agency exists it must be alleged and proved. *Thorndike* v. *DeWolf,* 6 Pick. 120. *Williams* v. *Knibbs,* 213 Mass. 534.

If it be assumed, but without so deciding, that the allegations of the bill are adequate to show an original joint indebtedness to the plaintiffs by Frank and Ida Lammi, the same result follows. The bill alleges that the plaintiffs have recovered judgment for the debt here in issue against the defendant Frank Lammi in a court of competent jurisdiction. This being alleged as a fact in the bill, its force and effect upon the rights of the parties may be raised by demurrer. In order to have recovered that judgment, the plaintiffs must have proved that Frank Lammi alone was responsible for this account. They cannot recover on their original debt. They have elected to hold Frank Lammi by taking judgment against him alone. *Ward* v. *Johnson,* 13 Mass. 148. *Kingsley* v. *Davis,* 104 Mass. 178. *Weil* v. *Raymond,* 142 Mass. 206, 213.

They cannot recover in this suit on the original debt, because that has been merged in the judgment and under the circumstances here disclosed that defence is open on demurrer. *Cowley* v. *Patch,* 120 Mass. 137. *Frost* v. *Thompson,* 219 Mass. 360, 367. The plaintiffs cannot recover against Ida Lammi on the judgment because she is not a party to it.

*Decree affirmed with costs of appeal.*