MICHAEL ADAMOWICZ & another *vs.* FELIX IWANICKI & another.

Middlesex.    May 17, 1933. — May 26, 1934.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Contract*, Construction, Under seal, Assignment, Restrictive covenant in contract of sale. *Assignment.* *Sale*, Construction of bill of sale, Assignment of bill of sale. *Equity Jurisdiction*, To enforce restrictive covenant, Laches.

A bill of sale was of certain specified articles and "all other goods . . . and fixtures" in a meat and grocery store; ran to the purchaser and his heirs, executors, administrators and assigns; and contained an agreement by the seller "with" the purchaser that he would not engage in a like business for a certain period of time within a certain distance from the store. Subsequently the purchaser made an assignment of all his "right, title and interest" in the bill of sale. *Held*, that

(1) The bill of sale was intended to convey not only the goods and fixtures referred to, but also the business itself, including its good will;

(2) The restrictive agreement was intended to protect such business, was incidental thereto and was not merely personal to the purchaser;

(3) The benefits of the restrictive agreement were assignable by the purchaser in connection with a transfer of the business, and were included in the assignment which he made.

A bill of sale of certain personalty was given for a substantial consideration, and was under seal. An assignment thereof by the purchaser was in writing but not under seal. In a suit in equity by the assignee against the seller to enforce a certain promise by the seller in the bill of sale, the benefits of which promise were included in the assignment, it was *held*, that

(1) There being actual consideration for the bill of sale, including the promise by the seller, the rights which the assignor took under the bill of sale did not depend on the fact that it was under seal; the seal was unnecessary and could be treated as surplusage, and the bill of sale could be enforced as a simple contract;

(2) Even if the bill of sale were treated as a sealed instrument, the assignee, by virtue of the assignment, became the equitable owner of the bill of sale and of the rights thereunder, including the benefits of the seller's promise;

(3) In the circumstances, the suit in equity could be maintained by the assignee.

In a suit in equity to enforce a promise by the seller of a business not to engage in a like business for a certain period of time within a certain area, a decree granting the relief sought could not be disturbed on

appeal, without a report of the evidence, on the ground that the plaintiff was barred from relief by laches, where no allegation of laches was made in the defendant's answer, the trial judge did not find that the plaintiff was guilty of laches, the facts found by the judge did not support the inference that the plaintiff was guilty of laches and it did not appear that the plaintiff acquiesced in the breach of the promise by the defendant or that the delay in bringing the suit worked disadvantage to the defendant.

BILL IN EQUITY, filed in the Superior Court on June 10, 1932.

The suit was heard by *Pinanski*, J. The bill, material findings by the judge and a final decree entered by his order are described in the opinion. The defendant Felix Iwanicki appealed.

*G. A. McLaughlin*, for the defendant Felix Iwanicki.

*F. E. Crawford*, for the plaintiffs.

FIELD, J. This is a bill in equity filed in the Superior Court June 10, 1932, by Michael Adamowicz and Julia Adamowicz to enjoin the defendants Felix Iwanicki and Catherine Iwanicki from conducting their business at 313 Hurley Street, East Cambridge.

The trial judge, on February 15, 1933, filed "Findings, Rulings and Order for Decree," the parts of which now material are as follows: "On March 11, 1931, the defendant, Felix Iwanicki, conveyed by a bill of sale (Exhibit 1, made a part hereof) certain property in connection with a meat and grocery store situated at 65 Sixth Street in Cambridge to Charles Urbon. The bill of sale contains the following clause: 'The said Felix Iwanicki hereby promises and agrees and covenants with the said Charles Urbon that he will not engage either directly or indirectly in his own name or the name of another in a like business for a period of. three years from this date within a radius of one mile of this mentioned store.' Contrary to and in violation of the agreement made by the defendant Felix Iwanicki the said Iwanicki has opened up and is conducting a competing business at 313 Hurley Street, East Cambridge, which location is within a radius of one mile of the plaintiffs' place of business. . . . I find that on June 24, 1931, Charles Urbon signed the following statement at the bottom of the bill of

sale (Exhibit 1): 'June 24, 1931. I hereby assign all my right, title and interest in this Bill of Sale to Michael Adamowicz and Julia Adamowicz. Charles Urbon.' I further find that the plaintiffs are now doing business in the store at 65 Sixth Street, Cambridge, Mass. I rule that the restrictive agreement in question contained in Exhibit 1 was assignable, and I find and rule that it was duly assigned by Charles Urbon to the plaintiffs on June 24, 1931. . . . Let a decree be entered enjoining the defendant from conducting the meat and grocery store at 313 Hurley Street, East Cambridge, directly or indirectly, in his own name or in the name of another."

The bill of sale, incorporated in the judge's findings, purported to sell and transfer certain specified articles and also "all other goods, wares, merchandise, and fixtures as candies, cigars, meats, vegetables, etc., whether herein specifically mentioned or not and which are in the store." This bill of sale was under seal. It recited that the sale was "in consideration of One Thousand ($1000.00) . . . . . . . . . Dollars . . . . . . . . . paid by Charles Urbon . . . the receipt whereof is hereby acknowledged." Following the clause set forth in the findings were the words "To have and to hold, all and singular the said goods and chattels to the said Charles Urbon and his heirs, executors, administrators and assigns, to their own use and behoof forever." The assignment was not under seal.

A final decree was entered enjoining the defendant Felix Iwanicki "from conducting the meat and grocery store at 313 Hurley Street, East Cambridge, directly or indirectly in his own name or the name of another for a period of three years from March 11, 1931," and dismissing the bill against the defendant Catherine Iwanicki. The defendant Felix Iwanicki appealed. The evidence is not reported.

The decree was right.

There is no contention that the restrictive agreement in the bill of sale was not valid as between the original parties thereto and enforceable by the seller according to its terms. The appellant, however, contends, in substance, (a) that as a matter of interpretation of the bill of sale the benefit of

the restrictive agreement therein contained was not assignable, (b) that since the plaintiffs were not parties to the restrictive agreement contained in an instrument under seal they cannot maintain an action thereon, (c) that since the bill of sale was under seal it was not assigned by the purported assignment which was not under seal, and (d) that the plaintiffs by reason of their laches should not be given equitable relief.

The natural interpretation of the bill of sale including the restrictive agreement is that it was intended thereby to sell and transfer not merely the "goods and chattels" referred to therein, but also the business itself, including the good will thereof, protected by a restrictive agreement limited in time and place. See *Hoxie* v. *Chaney*, 143 Mass. 592, 594. The bill of sale of "goods and chattels" in terms runs to the assigns of the purchaser. And the restrictive agreement was clearly incidental to the business which it was intended to protect and not merely personal to the purchaser. The benefits of such an agreement, therefore, were assignable by the purchaser with the business (Am. Law Inst. Restatement: Contracts, § 151 [a] [see Illustration 4], Williston on Contracts, § 413, and cases cited), and violation of such an agreement may be enjoined at the suit of an assignee. *Jenkins* v. *Eliot*, 192 Mass. 474.

The assignment purported to assign all the assignor's rights under the bill of sale, which would include his rights under the restrictive agreement, and was effective for that purpose unless the presence of a seal on the bill of sale made a seal necessary on the assignment. The finding of the trial judge that the restrictive agreement "was duly assigned" imports a finding of all facts necessary to support it not inconsistent with specific facts found. However, the rights which the assignor took under the bill of sale did not depend on the fact that the bill of sale was under seal. The seal was unnecessary. There was sufficient consideration for the sale and for the restrictive agreement, as is shown by the recital in the bill of sale — uncontradicted so far as appears — of a named consideration (Am. Law Inst. Re-

statement: Contracts, § 82 [b]), to support the sale of the business and the restrictive agreement as a simple contract. In other respects the bill of sale satisfies the requirements of a simple contract. Furthermore, it is expressed in terms of agreement as well as of covenant. Even if the bill of sale is regarded as a sealed instrument the business thereby transferred, including the good will thereof, was assignable by a written instrument not under seal (*Myott* v. *Greer,* 204 Mass. 389, 393) in the form of an assignment of the bill of sale. See *Sanders* v. *Partridge,* 108 Mass. 556, 558–559. The restrictive agreement, as already stated, was incidental to the business, and the assignment shows a clear intention on the part of the assignor to assign all his rights under the bill of sale. The assignees, therefore, became equitable, if not legal, owners of the bill of sale and, consequently, of rights thereunder, including the right to the benefits of the restrictive agreement. See *Dunn* v. *Snell,* 15 Mass. 481, 485; *Crain* v. *Paine,* 4 Cush. 483; *Bridgham* v. *Tileston,* 5 Allen, 371, 372; *Norton* v. *Piscataqua Fire & Marine Ins. Co.* 111 Mass. 532, 535–536; *Barrett* v. *Hinckley,* 124 Ill. 32, 41. Moreover, the assignees are not seeking by this suit to enforce any rights which their assignor would not have had, or which the assignees would not have taken at law by the unsealed assignment, if the bill of sale had not been under seal. As between the parties to the bill of sale the seal, being unnecessary and without effect upon the rights now sought to be enforced, could be treated as surplusage. See *Tapley* v. *Butterfield,* 1 Met. 515, 517; *Sherman* v. *Fitch,* 98 Mass. 59; *Blanchard* v. *Blackstone,* 102 Mass. 343, 347; *Cook* v. *Gray,* 133 Mass. 106; *Clarke* v. *Pierce,* 215 Mass. 552, 553; *Alfano* v. *Donnelly,* 285 Mass. 554, 556–557. The case in this respect is unlike *Clarke* v. *Pierce,* 215 Mass. 552, where, but for the seal, the action would have been barred under the statute of limitations. And there is no attempt to charge an undisclosed principal, which the presence of a seal on an instrument precludes. See *Seretto* v. *Schell,* 247 Mass. 173, 176, and cases cited. Whether, though the seal was surplusage upon the

bill of sale, the assignees of such bill of sale by an instrument not under seal could bring an action at law need not be decided. See *Currier* v. *Howard,* 14 Gray, 511, 513; *Bridgham* v. *Tileston,* 5 Allen, 371, 372; *Sanders* v. *Partridge,* 108 Mass. 556, 558; *Boyden* v. *Hill,* 198 Mass. 477, 487. Compare Williston on Contracts, § 430. But the plaintiffs as equitable — if not legal — assignees of the bill of sale can enforce in equity the assignable rights of their assignor thereunder, including the right to the benefits of the restrictive agreement, at least where, as here, the existence of such rights in the assignor was not dependent upon the presence of a seal on the bill of sale and, as between the parties thereto, the seal could be disregarded and the bill of sale treated as a simple contract. *Myott* v. *Greer,* 204 Mass. 389, is not an authority to the contrary. The defendants have raised no question based on nonjoinder of the assignor. See *Schwoerer* v. *Boylston Market Association,* 99 Mass. 285, 295–296; *Jenkins* v. *Eliot,* 192 Mass. 474, 476.

Relief is not barred by laches of the plaintiffs. Laches has not been set up in the answer and hence cannot be relied on as matter of right. *Albiani* v. *Evening Traveler Co.* 220 Mass. 20, 26. The trial judge did not find that the plaintiffs were guilty of laches and the specific facts found by him do not support the inference that they were so guilty. It does not appear that the plaintiffs acquiesced in the breach of the restrictive agreement by the defendant or that the delay in bringing suit worked disadvantage to them. *Carter* v. *Sullivan,* 281 Mass. 217, 226–227.

*Decree affirmed with costs.*