Pettingell, J.
The judgment debtor, having been summoned in for examination under G. L. (Ter. Ed.) C. 224, Section 15, filed a motion to dismiss the proceedings, accompanying the motion with ten requested rulings. The trial judge made the following “Findings and Rulings”,
“The Judgment Creditor brought an action against Agnes T. Flood and Thomas E. Dempsy in the Middlesex Superior Court and on May 25, 1936, a judgment for $171.42 damages and $18.05 costs was entered in favor of the plaintiff, and an execution therefor was issued against the two defendants by the Middlesex Superior Court on June 1, 1936.
“On November 17, 1936, the plaintiff Shore brought an action against Thomas E. Dempsy alone *168 on said judgment in the Municipal Court of the City of Boston, and on February 12, 1937, a judgment was entered against the said Dempsy in the amount of $197.43 damages and $10.85 costs, and an execution therefor was issued against the defendant Dempsy on February 13, 1937.
‘ ‘ On December 8,1936, the judgment creditor, David W. Shore, summoned the said Agnes T. Flood in supplementary process proceedings into the Newton District Court. When the matter came up before me, for examination of the debtor, Agnes T. Flood, she filed a motion to dismiss the proceedings on the ground that the bringing of the suit in the Municipal Court of the City of Boston on the judgment against Thomas E. Dempsy before Agnes T. Flood had been summoned for examination in the Newton District Court constituted a merger of the judgments and a release of the debtor, Agnes" T. Flood.
‘ ‘ This motion to dismiss I denied.
“Upon the hearing of the motion to dismiss, the debtor filed ten (10) requests for rulings.
“I give the first, the ninth, and the tenth. I decline to give all the others.
“I decline to give the second, third and eighth because I rule as a matter of law that the judgment in the Superior Court was not extinguished and merged by the later judgment in the Municipal Court of Boston, and the later judgment did not automatically act as a stay and an abatement of the former judgment.
“I decline to give the fourth and the seventh because they do not state correct propositions of law.
“I decline to give the fifth and the sixth because the action in the Superior Court was against both of the. defendants and I rule as a matter of law that they were both jointly and severally liable upon said judgment. ’ ’
The rulings requested by the judgment debtor are as follows:
“1. That the Judgment obtained in the Superior Court of Middlesex County against her and Thomas *169 Dempsey did not constitute two separate and several contracts and Choses in. Action, but only meant that the Writ of Execution issued on the Judgment could be prosecuted against them or any property owned by them, either jointly or severally.
“2. That the Judgment of the Superior Court of Middlesex County was extinguished and merged in the Judgment obtained in the Municipal Court of the City of Boston.
“3. That the merger of the Judgment of the Superior Court of Middlesex County and the Judgment obtained in the Municipal Court of the City of Boston automatically stayed and abated the Writ of Execution and this Supplementary Process.
“4. That no reasonable excuse being shown why said Agnes T. Flood was not made a party in the Action in the Municipal Court of the City of Boston, that Action prosecuted to Judgment operated as a release of said Agnes T. Flood.
“5. That there is no evidence that the Action in the Superior Court of Middlesex County was against said Agnes T. Flood and Thomas Dempsey severally.
“6. That there is no evidence that the Judgment obtained in the Superior Court of Middlesex County was against said Agnes T. Flood and Thomas Dempsey severally.
“7. That the Judgment of the Superior Court of Middlesex County against said Agnes T. Flood and Thomas Dempsey be joint the action in the Municipal Court of the City of Boston on said Thomas Dempsey alone was an election on the part of the Judgment Creditor to proceed against said Thomas Dempsey alone.
“8. That both said Agnes T. Flood and Thomas Dempsey being within the jurisdiction of the Courts of this Commonwealth at the time the Action in the Municipal Court of the City of Boston was brought, the Judgment of the Superior Court of Middlesex County was merged in the Judgment of the Municipal Court of the City of Boston.
“9. That this Court has continuous jurisdiction over Supplementary Proceedings brought before it until the same are dismissed.
*170 “10. That the matters presented by the Motion in question and principally the Judgment in the Municipal Court of the City of Boston having been prosecuted and obtained after this Supplementary Process Proceedings was started and after the regular time for ordinary pleadings on Motions and such in the Supplementary Process Proceedings, the question is properly raised by a Motion to dismiss the Supplementary Process Proceedings.”
The judgment debtor has two positions, that there has been a merger of the earlier judgment in the later judgment recovered against the other judgment debtor, as represented by her second, third and eighth requests, and that the judgment creditor, by talcing the later judgment against the other judgment debtor, has elected to proceed against him alone, thus releasing her from further liability, as represented by her seventh request.
It is well established law, with certain definite exceptions, that, when a judgment is obtained, the original cause of action is merged in the judgment and is no longer available as a basis for further proceedings. Ward v. Johnson, 13 Mass. 148, at 150; Hondrahan v. Cheshire Iron Works, 4 Allen 396; Mason v. Cheshire Iron Works, 4 Allen 398, at 399; Taylor v. New England Coal Mining Co., 4 Allen 577, at 578; Wyman v. Fabens, 111 Mass. 77, at 80; Van Ingen v. Justices of Municipal Court, 166 Mass. 128, at 130, 131; Attorney General v. American Legion of Honor, 196 Mass. 151, at 158; Frost v. Thompson, 219 Mass. 360, at 367; Lonnquist v. Lammi, 242 Mass. 574, at 577, 578. The principle is also¡ recognized in other cases, held not to be within its scope. See Byers v. Franklin Coal Co., 106 Mass. 131, at 136, 137 ; Standard Oil Company of Netv York v. Y-D Supplies Company, 288 Mass. 453, at 456, 457.
This general rule,, however, does not apply to succeeding: judgments.
*171 “A judgment is not merged in a second judgment rendered in an action to enforce the first one”. Am. Law Inst. Restatement: Conflict of Laws, Section 450, f, Merger, Note 5.
Such a case, in its simplest form, apparently has never been passed upon in Massachusetts, but a similar issue has been raised with regard to a judgment obtained in another state upon an earlier judgment recovered here. In that case it was held that the original Massachusetts judgment did not so merge with a, later Maine judgment as to prevent supplementary proceedings here on the earlier Massachusetts judgment. Moore v. Justices of the Municipal Court, Mass. Adv. Sh. (1935) 1927, at 1928, 1929.
The decision in the last cited case points out that merger of the original claim in a judgment takes place because the judgment “is an obligation of higher quality than the original cause of action as to defences, permanence and remedies for collection”. The court then says, at page 1928, “The reasoning on which the doctrine of merger rests is not applicable where an action on a judgment rendered in one State is brought in another State and a second judgment there recovered. No obligation of stronger attributes is thus created. Commonly, there is no difference in the quality attaching to the judgments of courts of different states. They stand on the same footing in essential particulars. One has no superiority over the other; one is of as high a nature as another.” The language just quoted would seem to apply as well to the case where both judgments are domestic as to that where one is foreign. One domestic judgment is certainly “of as high a nature as another”, and there would seem to be no reason to doubt that the law in Massachusetts, as to successive domestic judgments, is as stated in the quotation already made from the American Law Institute’s Restatement of Conflicts of Law, Section 450, f, Merger, Note 5.
*172 In the ease at bar, however, there are additional facts which make another rule of law applicable. It appears that the original judgment recovered by the judgment creditor was against two judgment debtors, and that before the present proceedings were begun against this judgment debtor, the judgment creditor had brought suit on that judgment against the other judgment debtor and had recovered judgment against him.. The judgment creditor, therefore, has now two judgments, one against two judgment debtors, and a later judgment against one of them.
A judgment against two or more is entire and indivisible, whether the action be in contract or in tort. Von Arnim v. American Tube Works, 188 Mass. 515, at 520; Contakis v. Flavio, 221 Mass. 259, at 261; Brooks v. Neal, 223 Mass. 467, at 470. The execution issued on such a judgment may be prosecuted against the judgment debtors jointly or severally, but the judgment remains entire and indivisible and the judgment debtors may have rights among themselves determining where the burden must ultimately fall, Hammatt v. Wyman, 9 Mass. 138, at 142; Adams v: Brake, 11 Cush. 504, at 505; Taylor v. Van Deusen, 3 Gray 498, at 500; New Bedford Institution for Sowings v. Hathaway, 134 Mass. 69, at-70.
Where there is a joint liability in contract all parties within the Commonwealth must be joined in an action. Maguire v. Reough, 238 Mass. 98, at 100. If the action proceeds to judgment against a part of those jointly liable, those not joined cannot be sued afterwards in another action. Ward v. Johnson, 13 Mass. 148, at 150'; Gibbs v. Bryant, 1 Pick. 118, at 121; Kingsley v. Davis, 104 Mass. 178, at 179; Cowley v. Fateh, 120 Mass. 137, at 138; Lonnqmst v. Lammi, 242 Mass. 574, at 577, 578. In the opinion in the case last cited, at page 577, the court says of the plaintiffs, “They have elected to hold Frank Lammi by taldng judgment against him alone.”
*173 The next question to be considered is whether the principle of election between those jointly liable applies to joint judgments so as to bar the judgment creditor in such a case as the one at bar. There do not seem to be any adjudications of this issue but on general principles it would seem as if there should be such a bar.
The judgment here is joint, not joint and several, and, as has been shown, is entire and indivisible. The judgment creditor could obtain a later judgment on it against one of the debtors, only by splitting an entire cause of action. “A single cause of action cannot be split into fractions and thus made the basis of several proceedings”. Cannon v. Shippee, 246 Mass. 338, at 339, 340. And where a cause of action is split and a partial recovery made, such recovery is a bar to any further action. Warren v. Comings, 6 Cush. 103, at 104; Bennett v. Hood, 1 Allen 47; Trash v. Hartford & New Haven Railroad Co., 2 Allen 331, at 332; Stevens v. Tuite, 104 Mass. 328, at 335; McCaffrey v. Carter, 125 Mass. 330, at 332; Hoseason v. Keegen, 178 Mass. 247, at 250; Barnes v. Huntley, 188 Mass. 274, at 275. The cause of action being joint, the judgment creditor could recover a several judgment on it only by misstating the cause of action. In the words of Lonnquist v. Lammi, 242 Mass. 574, at 577, “In order to have recovered that judgment the plaintiffs must have proved that Frank Lammi alone was responsible”. If the procedure adopted by the judgment creditor in this case is permissible, any joint judgment may be split into as many several judgments as there are defendants, or there may be a joint judgment against some and several judgments against others, or even joint judgments and several judgments against all. The entirety and indivisibility of a joint judgment would wholly disappear.
In our opinion, the doctrine of election of parties applies to actions on judgments as well as to actions on origi *174 nal causes of action, and by electing to sue the other judgment debtor and proceeding to judgment against him, the judgment creditor elected not to proceed further against this judgment debtor. There was, therefore, prejudicial error in the denial of the judgment debtor’s seventh requested ruling, and her motion to dismiss should have been allowed.
.The denial of the motion to dismiss is reversed and the motion to dismiss is allowed.