Cox, J.
This is an action of contract to recover a balance alleged to be due for labor and materials performed and furnished by the plaintiff at 48 Bush Street in the town of Dartmouth. The answer is a general denial.
The defendant Laura M. Duport is the widow of Prank Duport. They were the owners, as tenants in common, of the premises at 48 Bush Street, where, prior to Mr. Duport’s death, they lived together as husband and wife. The report states that the time for bringing action against the Administratrix of the estate of Prank Duport expired on April 16, 1949. See G. L. c. 197, § 9, as amended by St. *102 1933, c. 221, § 4. Thereafter, this action against Mrs. Duport was begun by writ dated July 21,1949.
The judge found that the plaintiff had extended credit to Frank Duport and not to the defendant. He found for the defendant.
Because the judge allowed certain requests for rulings of law submitted by the defendant and refused to allow certain of the requests for rulings of law submitted by the plaintiff, the plaintiff claims to be aggrieved. At his request the judge reported the case.
The plaintiff’s claim is based on several grounds; (1) that the defendant expressly ordered the labor and materials which were performed and furnished, consequently, there is a promise on the part of the defendant implied by law to pay for the same; (2) that Frank Duport was the agent of his wife; or (3) that the contract with the plaintiff was a joint undertaking of the defendant and her husband for which the defendant as survivor is liable to the plaintiff. The plaintiff’s requests for rulings of law raised no point other than the foregoing and therefore need not be further alluded to as we proceed on the premise that they properly raised the foregoing points. No other point was argued.
The evidence in some important particulars was very conflicting. That in behalf of the plaintiff was, that Mrs. Duport, the defendant, verbally employed the plaintiff to furnish the labor and materials; that the defendant and not her husband controlled the progress of the work and that the defendant called for more work than that originally estimated. The evidence for the defendant in these particulars was exactly opposite. Her evidence was that all business with the plaintiff was carried on by her husband and that during the progress of the work she took no part in it nor did she ever expect to pay the plaintiff. She testified that at the time the work was done she was unem *103 ployed, she had no money or income and expected her husband to pay the bill.
The facts that were not in dispute were that no bill has ever been sent by the plaintiff to the defendant, nor was any charge made against her prior to this action which was commenced against her in her individual capacity more than a year after her appointment as Administratrix of her husband’s estate. It is also undisputed that no bill was submitted by the plaintiff until after the work was completed in November, 1946, and then the bill was sent to Frank Duport by the plaintiff’s wife, who was his bookkeeper, without instructions from the plaintiff to her to do so. The account stood in the name of Frank Duport on the books of the plaintiff until this action was brought. A payment on account was made to the plaintiff by a check from a mortgagee payable to Mr. and Mrs. Duport and by them endorsed to the plaintiff. A second payment on account was also made to the plaintiff by a check from a mortgagee to the defendant and by her endorsed to the plaintiff. The evidence as to these two payments was adduced by the plaintiff and was not denied by the defendant. There was evidence by the plaintiff that the defendant was present during the performance of the work; that she originally ordered certain items of work to be done; that she gave numerous orders to the plaintiff’s foreman with regard to the work as it progressed; and that following the submission of the bill to her husband the defendant told the plaintiff that “the bill was way over what we had planned and that we could not afford it.”
The judge found: “It does not seem to be necessary to make a finding as to where the truth lies. Shortly after the work was performed the plaintiff sent a bill for labor and materials furnished in the amount of $2598.02, charging the debt to Frank Duport alone. The plaintiff’s wife acted as his bookkeeper and made the charges against Frank Duport *104 on her books and sent the original bill. The charge on the books was not changed until some time in 1949. Upon this evidence I rule that credit was extended to Frank Duport and not to the defendant and judgment is to be entered for the defendant.”
The questions before the trial judge were primarily questions of fact. His decision was manifestly influenced by the facts that the work was charged on the plaintiff’s books to Frank Duport and not to the defendant and that after completion of the work Frank Duport and not the defendant was billed for the same. The evidence being conflicting the judge was not required to accept the plaintiff’s version. There was evidence to warrant a finding for the defendant. There is a strong basis for the observation that the action against Mrs. Duport was inspired solely because the short statute of limitations had run against the plaintiff’s right of action against the personal representatives of Frank Duport’s estate. See LaChance v. Rigoli, Mass. Adv. Sh. (1950) 295, and cases there cited. That case is sufficient authority for the legal proposition that the plaintiff had to look to the one to whom he extended credit for the labor and materials furnished. The facts that the work was charged to Frank Duport and that he was billed for it would not have prevented the judge from finding for the plaintiff as those facts were not of themselves conclusive. See Niles v. Adams, 208 Mass. 100, 103. But the judge could give such weight to those facts, as well as to the other evidence, as he might see fit and even make them decisive especially as the evidence was conflicting. Those facts properly had a distinct significance in the judge’s mind in determining on which side the truth was to be found. The finding of the judge established the fact that credit was extended by the plaintiff to Frank Duport and not to the defendant.
*105 The mere fact that the defendant was a co-owner of the premises on which the labor and materials were furnished does not entitle the plaintiff to recover against her. “There is no legal presumption arising from ownership that the owner of the fee is liable for repairs on his building.” Tripp v. Hathaway, 15 Pick. 47, 48, and one cannot, merely by erecting a house on the land of another compel him to pay for it, even if the land is benefited by the erection of the structure. O’Conner v. Hurley, 147 Mass. 145, 148; LaChance v. Rigoli, Mass. Adv. Sh. (1950) 295, 297.
The result is not changed because the defendant was a tenant in common with her husband. “No agency arises by implication out of a tenancy in common. That is not a partnership but simply a kind of joint ownership. If agency exists it must be alleged and proved.” Lonnqvist v. Lammi, 242 Mass. 574, 577.
The fact of marriage does not of itself prove that either spouse was acting as agent for the other. Consequently, there is no presumption that Frank Duport was acting as agent for his wife in his dealings with the plaintiff. Hannon v. Schwartz, 304 Mass. 468. See also Harvey v. Squire, 277 Mass. 411, 417; Lonnqvist v. Lammi, 242 Mass. 574, 577. The burden rests on the plaintiff to prove that Frank Duport was acting as agent for his wife. The existence of agency usually presents a question of fact. We cannot say that the judge was required to find for the plaintiff even though he could have done so. Gordon v. O’Brien, 320 Mass. 739, 741, 742.
That two payments were made by checks requiring the defendant’s endorsement was only evidence to be considered with the other evidence bearing on the question of agency and the defendant’s responsibility. Groce v. First National Stores Inc., 268 Mass. 210, 213.
*106 The contention of the plaintiff that the contract with the plaintiff was a joint undertaking of the defendant and her husband and therefore the defendant as the survivor was liable to the plaintiff cannot be sustained. The contention presupposes a fact which was not found to exist. See Lee v. Blodget, 214 Mass. 374, 377.
The most that can be said for the plaintiff’s case is that there was evidence which, if the judge had believed and accepted it would have warranted a finding for the plaintiff. However, the judge based his findings on the defendant’s testimony and other evidence favorable toi the defendant, which it was his right to do.
We perceive no error in the allowance by the judge of the defendant’s eight requests for rulings in the light of what has already been said. Defendant’s requests for rulings were as follows:
“(1.) The defendant is not liable merely because she was a tenant in common with Frank Duport who made an agreement with the plaintiff for the labor and materials furnished to the property. (2.) The Defendant is not liable in the absence of proof that Frank Duport was the agent for the defendant in making an agreement with the plaintiff toi furnish said labor and materials. Lonnqvist et al. v. Lammi, 242 Mass. 574. (3.) The marital relations between Frank Duport and the defendant are not enough alone to establish that Frank Duport was the agent of the defendant in making the agreement with the plaintiff. Lonnquist et al. v. Lammi, supra. (4.) No agency arises by implication from the fact that Frank Duport and the defendant owned, as tenants in common, the property on which the labor and materials were furnished by the plaintiff. Lonnquist et al. v. Lammi, supra.; Atkins v. Atkins, 278 Mass. 587. (5.) The plaintiff having extended credit to Frank Duport at the time of furnishing the labor and materials, had no right subsequently to revise his bill and charge the same to the defendant. (6.) The defendant is not liable to the plaintiff for labor and *107 materials furnished under an agreement made by and between Frank Duport and the plaintiff. (7.) The plaintiff’s action against Frank Duport was barred by the Statute of Limitations on April 19, 1949. '(8.) The fact that the Statute of Limitations is a bar to the plaintiff’s claim against the estate of Frank Duport, to whom credit was originally extended, does not entitle the plaintiff to maintain this action against the defendant.”
The Report is to be dismissed.