*Southern District*

## CARROLL'S SERVICENTER, INC.

### v.

## ROBERT STEIN, ET AL

*Present*: Nash, C. J., Cox & Lee, JJ.

Case tried to *Colten, J.* in the District Court of Southern Norfolk. No. 17145.

*Cox, J.* In this action of contract the plaintiff seeks $176.50 for repairs to the defendant's automobile. The first count is upon an account annexed. The second count is on a check which the defendant gave the plaintiff, payment of which was stopped by the defendant.

There was a finding for the plaintiff in the sum of $25.00. The plaintiff, claiming to be aggrieved by the refusal of the justice to allow six of its seven requests for rulings of law, the justice reported the case for our determination.

The plaintiff made the following requests for rulings of law:

1. The evidence warrants a finding for the Plaintiff.

2. The plaintiff as a public garage keeper had a lien upon the motor vehicle of the defendant for repairs.

3. Delivery of a check by the defendant to the plaintiff in payment for repairs to the defendant's motor vehicle completed his contract with the plaintiff, and the defendant cannot thereafter rescind it.

4. If you find as a fact that the defendant delivered a check to the plaintiff in the amount demanded by the plaintiff for repairs, such delivery amounted to ratification of and consent to the repairs made, and the defendant

cannot thereafter deny that the repairs were authorized.

5. If you find as a fact that the defendant tendered and delivered a check to the plaintiff for repairs to the defendant's vehicle, intending to induce the plaintiff to release its lien upon the vehicle and intending to thereafter stop payment upon his check, the defendant is estopped from asserting that the repairs were not authorized by him, his agents or servants.

6. If you find as a fact that the defendant tendered and delivered a check to the plaintiff for repairs to the defendant's vehicle, intending to induce the plaintiff to release its lien upon the vehicle and intending to thereafter stop payment upon his check, the defendant is estopped from denying that the repairs were made or that the price charged was proper.

7. Delivery of a check by the defendant to the plaintiff in payment for repairs in the amount demanded by the plaintiff with the intention of stopping payment thereon constitutes a fraud by the defendant upon the plaintiff and estops the defendant from denying that the amount of the plaintiff's charges were fair and reasonable.

The justice allowed the first request. He held number 2 to be inapplicable. As to number 3 he noted "I find no such contract." With reference to numbers 4, 5, 6, and 7 he stated "I do not so find."

The justice made the following special findings which are fully supported by the evidence:

"I find as a fact that the defendant brought his motor vehicle into the plaintiff's place of business and gave instructions to the manager to only have spark plugs and points replaced; that without his knowledge or authority additional repairs were made; that upon returning late the same day the night man presented the defendant a bill in the sum of $176.50, and refused to give the defendant the motor vehicle unless he was given a check in said amount; that after the check was given, payment was later stopped.

"I further find that there was no contract between the plaintiff and the defendant other than to have points and spark plugs replaced."
We see no error of law.

■ By allowing request number 1 the justice recognized that a question of fact was presented and that a finding might have been made in the plaintiff's favor. However, his decision shows that he rejected the plaintiff's contention and accepted that of the defendant. This is accepted practice. *Hoffman v. Chelsea,* 315 Mass. 54; *Liberatore v. Framingham,* 315 Mass. 538.

The evidence does not appear to be disputed. On August 10, 1962 the defendant left his 1960 Rambler sedan with the defendant with instructions to change the spark plugs and points. During the day the plaintiff's representative telephoned the defendant's wife that additional repairs were needed which would cost approximately $90.00 and that the defendant's wife authorized the plaintiff to proceed with the additional work. On his

return from out of town the defendant, on the evening of the same day, went to pick up his automobile and was presented with a bill for $176.50. There was evidence that the work charged for was in fact done and that the charges were fair and reasonable. When the bill was presented the defendant asked to talk with the service manager and the owner of the business. He was told they could not be reached. The plaintiff's representative refused to release the automobile until the bill was paid. The defendant then gave his check payable to the plaintiff for the amount of the bill and obtained possession of his automobile. On the following day the defendant stopped payment of the check.

The request number 2 relating to lien was inapplicable as the justice held. Such lien as the plaintiff may have had was lost when it completely surrendered possession of the automobile to the defendant. *North End Auto Park, Inc. v. Petringa Trucking Co., Inc.,* 337 Mass. 618.

The bare fact that the defendant's wife authorized the additional work on her husband's automobile does not bind him. Agency must be alleged and proved. "The marital relation is not enough alone to show agency." *Lonnqvist v. Lammi,* 242 Mass. 574, 577.

The special findings of the justice dispose of the remaining requests for rulings which he declined to give. The legal effect of the giving of his check by the defendant

to the plaintiff in order to obtain the release of his automobile is explained fully in the case of *Murphy v. Brilliant Co.,* 323 Mass. 526. It supports the decision in the case before us. In that case the owner of a boat was charged amounts for work done on it in excess of estimates which he had received. He was denied possession of his boat unless he paid the charges and was told that no other yard would do work on the boat unless the charges were paid. He paid the charges and later successfully brought action to recover the excessive amounts. The court (page 529) stated the familiar rule

"that money voluntarily paid under a claim of right, with full knowledge of the facts on the part of the one making the payment, cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim."

The court held that it could not be said as matter of law that payments by the boat owner to the boat yard were voluntary; that the jury were warranted in finding that the payments made by the boat owner were not voluntary but were made for the purpose of releasing his property from a threatened detention that was illegal. The court also observed that the jury could find that the boat owner never abandoned his position nor acquiesced in the boat yard's demands and that he made all of the payments in the well founded belief that if he did not do so the boat yard would not complete the work or

surrender the boat. The jury were not obliged to find that the parties had entered into a new contract in which the larger sum was agreed upon.

In our opinion, in the case before us, it cannot be said as matter of law that the payment made by the defendant was voluntary or that it effected a new contract. We think the judge was warranted in finding as he did that the only contract between the parties related to spark plugs and points and committed no error of law in refusing to give the requested rulings relating to the consequences of the giving of the check and the stopping of its payment. See also *J. Abrams & Co., Inc. v. Clark,* 298 Mass. 542, 545, and cases there cited, where it is said:

> "Without discussing the doctrine of duress of goods in general it is at least well established that a payment made to prevent a tortious seizure of property or to release property from a tortious detention is not regarded as a voluntary payment and may be recovered back."

There was no error in refusing to give the rulings which related to the contention that by the giving of his check by which the defendant obtained possession of his automobile he was estopped to deny the propriety of the extra charge. As to those requests the justice stated: "I do not so find." Estoppel is a question of fact. The judge was warranted in finding that there was no estoppel. *Quality Finance Co. v. Hurley,* 337 Mass. 150, 155, 156. Estoppel is not favored by the law and

it is not applied except when to refuse it would be unjust. *Delaware & Hudson Co. v. Boston Railroad Holding Co.,* 328 Mass. 80.

As we see no error of law an order should be entered dismissing the report.

Haskell A. Kassler, of Boston, for the Defendant.

Bishop and Ahern, of Medford, for the Plaintiff.